# Richmond

J. L. Dillow, Attorney and Agent, et als. v.
F. K. Stafford and Mrs. F. K. Stafford.

April 26, 1943.

Record No. 2651.

Present, Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*J. L. Dillow* and *J. S. Andrews*, for the plaintiffs in error.

*Chester J. Stafford* and *W. B. Snidow*, for the defendants in error.

BROWNING, J., delivered the opinion of the court.

The Peoples Bank of Giles, Inc. was in financial difficulties.

The Bank of Pembroke came to its rescue by assuming its obligations to its depositors and the payment of its note to the First National Exchange Bank of Roanoke amounting to $93,796.92.

By the provisions of a contract in writing the Peoples Bank of Giles, Inc. executed and delivered its collateral note to the Bank of Pembroke, with all of its bills and notes, amounting to $101,361.93, attached, as security. The Bank of Pembroke was to collect these evidences of debt and apply the proceeds to the payment of the note of the Peoples Bank of Giles, Inc. to the Roanoke bank. The directors of the Peoples Bank of Giles, Inc. endorsed this latter note as further security. Among the notes turned over to the Bank of Pembroke by the Peoples Bank of Giles, Inc. was a note of F. K. Stafford for $450.00, endorsed by Mrs. Stafford.

Subsequently the Bank of Pembroke and the Giles County Bank & Trust Co. merged and became the Bank of Giles County.

This new bank as the successor and assignee of the Bank of Pembroke took over all its assets and assumed its obligations and liabilities and it instituted action against the Staffords on the $450.00 note, being then the holder of it and having the right to sue as pledgee of the Peoples Bank of Giles, Inc.

The new bank (Bank of Giles County) secured a judgment for the balance due on the note, which the Roanoke bank had held, against the Peoples Bank of Giles, Inc., and the endorsers on the note, and it instituted a chancery suit to subject the assets of the bank and the property of the individuals to its payment.

The endorsers, to prevent a sacrifice of their property, paid the judgment.

On the 8th of July, 1937 the Peoples Bank of Giles, Inc. through its agents and directors, and the representatives of certain endorsers of the note referred to, who had died, by a contract in writing, assigned the bills and notes and judgments owned by said bank, to J. L. Dillow, as attorney and agent, who was to reduce the said evidences of debt to money and apply the same to the discharge of the obligations of the said directors and endorsers, to the First National Bank of Narrows, from which latter institution they had borrowed the money to pay off the judgment in favor of the Bank of Giles County.

When the judgment in favor of the Bank of Giles County was paid, that bank turned back to the Peoples Bank of Giles, Inc. all the bills, notes and judgments, which were pledged to the Bank of Pembroke, and the Peoples Bank of Giles, Inc. assigned them to J. L. Dillow, as attorney and agent, who is the proper person to collect the same, and particularly the Stafford note, which is the subject of the action here.

It must be borne in mind that the Bank of Giles County, as pledgee, of the Peoples Bank of Giles, Inc. instituted, as

plaintiff, the action against the Staffords. This it had the right to do and it was perfectly proper and regular at that time.

Subsequently the ownership of the note changed, through a succession of commercial transactions, which were accustomed financial lifesavers to rescue a drowning member of the banking family.

At a delayed hearing, it was suggested that the original plaintiff no longer had any interest in the subject matter of the action, by reason of the fact that its interests had, by natural commercial steps, been acquired by those who were obligated, in law, for the indebtedness commitments of their bank, and the court was moved to substitute, as plaintiffs, the actual owners of the note, which motion, though resisted, was allowed.

This procedure brought on the interposition of a plea of the statute of limitations, on the ground that the substitution of plaintiffs was tantamount to the institution of a new suit, and that the period of limitation, in which a suit could be brought had run (or elapsed).

It will be observed that the change in plaintiffs did not effect a change in the cause of action.

The note was the same, the obligors were the same, the same evidence would be required to prove the note and its non-payment and its due and payable attribute.

Every feature was identical except the parties, complainant, and they were in interest, in right of recovery, *in facto*, the same. There was no diversity of damage.

The incidents and characteristics we have mentioned are those which this and other courts have pointed out as being the tests of whether the amendment would be held to have made a new suit.

The trial court held in the affirmative and received the plea of the statute of limitations as dispositive of the case.

We do not think its ruling is sound and we think that the case of *Bardach Iron, etc., Co.* v. *Tenenbaum*, 136 Va. 163, 118 S. E. 502, upon which it seems to have been predicated, is inapplicable because the original plaintiff in

that case had ceased to be a corporation and could not under the law of the state of its incorporation maintain such action. The court said: "If the assignor could not maintain the action, it was necessary for the assignee to sue in his own name, but' this involved the necessity of a new suit."

The controlling distinction is that in the case in judgment the plaintiff, Bank of Giles County, pledgee of The Peoples Bank of Giles, Inc. had the right to bring the action, and the substituted plaintiffs stood in its very shoes. The fact that the new plaintiffs might have been required to submit proof of their status, does not touch the heart of the case, that is, it would be lacking in substantiality, as related to the merits.

In the case of *Smith* v. *Virginia Ry., etc., Co.*, 144 Va. 169, 131 S. E. 440, the action was instituted in the name of the injured employee on April 2nd, 1923. The injury occurred on August 16, 1922. On October 29, 1923, which was more than a year after the date ·of the accident, the defendant filed a special plea stating that the employee had received compensation under the Workmen's Compensation Act, and therefore he could not maintain an action, because the Railway and Power Co., by statute, had been subrogated to his rights. It was urged that the proceedings must be dismissed. The court declined to do this and permitted the plaintiff to amend the notice of motion by inserting the name of the company so that it would appear that it was suing in the name of the employee.

The statute of limitations was pleaded on the ground that the amendment constituted a new case. The trial court rejected the plea. This court in approving its action said:

"The amendment which the court allowed, while not necessary, may have been appropriate. It was only because the defendant directed attention to the statute, and that the Virginia Railway & Power Company had been thereby subrogated to the rights of the plaintiff to the extent of compensation which it has paid him, that the amendment was allowed. This was not the institution of a new action

and was germane. It follows from this that the plea of the statute of limitations was properly rejected.

■ "The rule generally prevailing seems to be that such amendments will be permitted as have for their object the trial and determination of the subject-matter of the controversy upon which the action was originally based, but amendments will not be allowed which bring into the case a new and substantive cause of action, different from those declared on, and different from that which the plaintiff intended to assert when he instituted his action. If the plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement, or allegations, however great may be the difference in the form of liability as contained in the amended, from that stated in the original declaration, it will not be regarded as for a new cause of action. *New River Mineral Company* v. *Painter*, 100 Va. 507, 42 S. E. 300, at Page 301."

In *Service* v. *Farmington Sav. Bank*, 62 Kan. 857, 62 P. 670, 671, an action was brought to recover on a note in the name of the original payee. Before the action was brought the payee had sold and transferred the note and the mortgage securing it to the Farmington Sav. Bank. After the statute of limitations had run, the Bank moved to be substituted as plaintiff. The motion was granted. The court said: "The substitution of the bank as plaintiff did not in fact change the nature or the identity of action originally brought against the defendants. \* \* \* \* \* \*

"The action which she brought was based on the same claim and cause of action which is the foundation of the judgment in favor of the bank. The purpose of the suit was the same after the amendment as it was before—to recover upon the note and to foreclose the mortgage given to secure its payment."

■ "A suit brought before the bar of limitation is complete will inure to the benefit òf one intervening after the time when but for the commencement of the suit the claim would be barred. 37 C. J. 1064."

The Virginia Statutes (6104, 6250, 6409) allow substantial amendments in the pleadings for the promotion of justice, and they have always been liberally construed by the Supreme Court of Appeals as remedial in purpose. *Russell Lbr. Co.* v. *Thompson*, 137 Va. 386, 119 S. E. 117.

We think the substitution of plaintiffs was but a continuation of the original action, therefore the court was right in permitting it, and for the like reason it was error to hold that the statute of limitations was applicable.

Inasmuch as counsel for the defendant in error admitted at the bar, in argument, that the statute was the only defense relied upon, we reverse the judgment of the court upon that issue and enter final judgment for the plaintiffs in error.

*Affirmed in part and reversed in part and final judgment entered.*