## THE CHESAPEAKE HOUSE ON THE BAY, INC.

### V.

## VIRGINIA NATIONAL BANK, ET AL.

Record No. 821888

June 13, 1986

Present: Cochran, Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Harman, Retired Justice.

*Tazewell T. Hubard, III (Gordon E. Campbell; Campbell, Hancock & Hubard,* on brief), for appellant.

*Hunter W. Simms, Jr.; Edward E. Nicholas, III (Charles R. Waters, II; Thomas E. Cabaniss; R. Barrow Blackwell; Murray H. Wright; Kaufman & Canoles; McGuire, Woods & Battle,* on briefs), for appellees.

RUSSELL, J., delivered the opinion of the Court.

The sole question presented by this appeal is whether the trial court correctly refused to permit a substitution of parties plaintiff where the original plaintiff had no standing to maintain the action.

The Chesapeake House on the Bay, Inc. (Chesapeake), an incorporated association of condominium unit owners, brought this action against Virginia National Bank (VNB) in 1978 to recover damages for alleged defects in the construction of the common elements of a condominium project in Virginia Beach. The motion for judgment alleged that VNB, as a construction lender, had negligently failed to require a performance bond from the general contractor. In 1980, Chesapeake filed an amended motion for judgment adding the architects of the project and a structural engineer as parties defendant. Neither motion for judgment stated any connection between Chesapeake and the condominium project in question.

In 1982, by leave of court, Chesapeake filed a second amended motion for judgment which identified it as a nonstock, nonprofit, Virginia corporation "endowed with all the powers and duties set forth in [the] Horizontal Property Act . . . [and] possessed of the common law and statutory rights to pursue such action by litigation or other lawful means to protect and preserve interests and property rights of its member stockholders." VNB and the architects demurred on the ground that Chesapeake had no standing to maintain the action. The court sustained the demurrers in a letter opinion.

Chesapeake then filed a "Motion to Amend and Add Parties-Plaintiff." The motion asked for leave "to add as parties-plaintiff the individual condominium owners who are members of the nonprofit corporation [Chesapeake] . . . plaintiff herein, and as such, have suffered substantial damages by reason of the acts and omissions of the defendants." The trial court denied the motion, ruling

that "[a] new party plaintiff cannot be added or substituted for a party plaintiff who had no standing to institute the original action." The court relied on *Bardach Iron Co.* v. *Tenenbaum*, 136 Va. 163, 118 S.E. 502 (1923). We granted an appeal limited to an assignment of error challenging the correctness of this ruling.

In 1973, when the condominium regime which is the subject of this action was established, such regimes were regulated by the Horizontal Property Act, Code §§ 55-79.1 through 55-79.38, inclusive (Acts 1962, c. 627). In 1974, the General Assembly enacted the Condominium Act, Code §§ 55-79.39 through 55-79.103, inclusive (Acts 1974, c. 416). The Condominium Act expressly superseded the Horizontal Property Act as of July 1, 1974, but continues the Horizontal Property Act in effect with respect to the validity of condominium instruments recorded before that date. Code § 55-79.40. The Horizontal Property Act granted a "council of co-owners" the power to sue co-owners within a condominium regime to collect assessments and to enforce rules, but it granted no authority to such a council to bring a derivative or representative action against a third party to vindicate the rights of the individual unit owners. The powers granted to unit owners' associations by the Condominium Act were similarly limited, and it was not until that Act was amended in 1981 that unit owners' associations obtained the power to act as attorney-in-fact for the individual unit owners in asserting or defending actions relating to the common elements. Code § 55-79.80 (b1) (Acts 1981, c. 146).

Because the statutory scheme before 1981 failed to vest power in a unit owners' association to maintain actions of this kind, the trial court correctly ruled that Chesapeake had no standing to institute this action. The cause of action was barred by the statute of limitations before the effective date of the 1981 amendment.

Chesapeake, citing Rule 1:8 and *Jacobson* v. *Southern Biscuit Co.*, 198 Va. 813, 816, 97 S.E.2d 1, 3 (1957), argues that leave to amend should be liberally granted in furtherance of the ends of justice, and that even an amendment substituting a new plaintiff or defendant for an original party may be granted if the substituted party bears a real relation of interest to the original party and no new cause of action is introduced.

As the trial court correctly held, however, the foregoing rule has always been subject to the limitation that a new plaintiff may not be substituted for an original plaintiff who lacked stand-

ing to bring the suit. Statutes relating to misjoinder and nonjoinder are not applicable in such situations, and the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff. *Bardach*, 136 Va. at 173, 118 S.E. at 505. "Non-joinder means that a party has been omitted who ought to be *joined* with an existing party, not *substituted* for an existing party." *Id*. Regardless of its form, the substance of Chesapeake's motion in this case was for the substitution of new parties plaintiff, who would have standing to maintain the action, in lieu of Chesapeake, which lacked such standing. In *Norfolk So. R. Co.* v. *Greenwich Corp.*, 122 Va. 631, 95 S.E. 389 (1918), we equated such a substitution with the assertion of a new cause of action and held an order permitting such a substitution to be reversible error.

In *Dillow* v. *Stafford*, 181 Va. 483, 25 S.E.2d 330 (1943), we affirmed an order substituting new plaintiffs for the original because, and only because, the original plaintiff "had the right to bring the action, and the substituted plaintiffs stood in its very shoes." That fact, we pointed out, distinguished the case from *Bardach. Dillow*, 181 Va. at 486-87, 25 S.E.2d at 332.

Finding no error in the trial court's ruling, we will affirm the judgment.

*Affirmed.*