## CIRCUIT COURT OF THE CITY OF WINCHESTER

Clark

v.

Multi-Family Management, Inc.

April 23, 1987

Case No. 85-L-18

## By JUDGE HENRY H. WHITING

In this case the motion for judgment erroneously described the location of the plaintiff's injury when she allegedly fell on a parking lot and sidewalk area due to an accumulation of ice and snow and the defendant's relation thereto as the manager of that particular apartment complex. She seeks to amend to describe the correct location where she slipped and fell and the same defendant's status with regard thereto at yet another nearby apartment complex, apparently owned by another principal. The motion is resisted on the ground that it states a new and different cause of action.

The defendant concedes that "leave to amend shall be liberally granted in furtherance of the ends of justice," Rule 1:8, Rules of the Supreme Court of Virginia; *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957); *Goode v. Courtney*, 200 Va. 804 (1959). The issue is whether this amendment does state a new and different cause of action.

The defendant does not contest the plaintiff's characterization of his duties and relationship to both premises. Apparently, one premise is owned by one corporation and the other adjacent premise is owned by another corporation, but both such corporations operate the entire complex

as government-assisted housing and have employed this defendant as its manager, making it responsible for the maintenance and safety of both premises. The defendant also concedes that the same insurance carrier insures him against liability on both premises but under two separate policies. The plaintiff does not contest the defendant's claim that there are no overlapping general partners.

There is no dispute that there was but one injury, one claim, and one duty of care owed by the defendant agent to the plaintiff. The thrust of the defendant's contention is that because it was described as the agent of one corporation giving rise to a duty of care to maintain its premises in front of its apartment complex, an amendment describing it as agent of another corporation at another location, even though nearby, constitutes the assertion of a new and different cause of action. The agent has made no contention that it was ignorant of the claim or disputed the plaintiff's assertion that its insurance company was the party with whom the plaintiff negotiated and that its agents in fact knew that the plaintiff had misdescribed the owner of the premises and therefore the location of the injury by the memorandum between its agents indicating that the plaintiff was intending to file a law suit against that corporation. (Exhibits 4, 5, and 6 attached to the plaintiff's memorandum of authorities dated March 12, 1986.) The court has had additional research conducted after the most recent memorandum had been filed, and the Court is of the opinion that the proposed amendment will not state a new or different cause of action, and the motion to amend the motion for judgment should be sustained. Assuming the defendant files a plea of the statute of limitations to the amended motion for judgment, the Court believes that plea should be overruled. The parties have submitted the issue to the Court as if the plea had been filed, and this ruling is based upon that premise. The reasons for the Court's conclusion follow.

At the outset, it should be observed that the term "cause of action" may mean one thing for one purpose and something different for another. As Mr. Justice Cardozo has said in *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 67, 77 L.Ed. 619, 623 (1933):

The general rule is said to be that an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation if the identity of the cause of action is still substantially the same, but that the limitation will prevail if, under the guise of an amendment, there is the substitution of a new cause of action in place of another wholly different . . . . A "cause of action" may mean one thing for one purpose and something different for another . . . . At times and in certain contexts, it is identified with the infringement of a right or the violation of a duty. At other times and in other contexts, it is a concept of the law of remedies, the identity of the cause being then dependent on that of the form of action or the writ. Another aspect reveals it as something entirely separate from writs and remedies, the group of operative facts out of which a grievance has developed. This court has not committed itself to the view that the phrase is susceptible of any single definition that will be independent of the context or of the relation to be governed. Nonetheless, it has fixed the limits of amendment with increasing liberality.

In *Dillow v. Stafford*, 181 Va. 483, 486 (1943), the Court permitted an amendment substituting another party as the plaintiff in an action on a note pointing out that the change in plaintiffs did not affect the change in the cause of action, the note being the same, the obligors being the same, the same evidence being required to prove the note and its nonpayment. Yet in *P. Lorillard Co. v. Clay*, 127 Va. 734, 742 (1920), the Court permitted an amendment of pleading to allege an additional ground of negligence, saying:

It is very clear that the amendment does not state a new cause of action (quoting two other cases). "The amended declaration merely charges the negligence complained of in a varying form to meet different phases of the evidence." If

there had been a judgment on the original declaration, it could have been pleaded in bar of the ground of action set up in the amendment, and this is a sufficient test of the character of the amendment . . . . "The plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement, or obligation. However great may be the difference in the form of liability as contained in the amended but not stated in the original declaration, it will not be regarded as for a new cause of action." *Ibid.*

*Dillow* summarizes what appears to be the Virginia rule in quoting another case, as follows:

The rule generally prevailing seems to be that such amendments will be permitted as have for their object the trial and determination of the subject matter of the controversy upon which the action was originally based, but amendments will not be allowed which bring into the case a new and substantive cause of action, different from those declared on, and *different from that which the plaintiff intended to assert when he instituted his action.* If the plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement, or allegations, however great may be the difference in the form of liability as contained in the amended, from that stated in the original declaration, it will not be regarded as for a new cause of action. . . . *Id.*, at 488. (Emphasis added.)

At first blush, *Zeh v. Wheeler*, 489 N.E.2d 1342 (Ill. 1986), would seem to be "on all fours" with this case. There a slip-and-fall plaintiff sued an agent and owner of an apartment building, charging negligence causing her injury. Later a motion to amend was filed seeking to change the address from an apartment described at 440

South Wallace Street to 4400 South Lowe Street, both in the City of Chicago and both managed by the same management company but each owned by a different party. The statute of limitations was successfully pleaded to the amended complaint because it referred to two different events and did not arise out of the same occurrence as that alleged in the original bill of complaint. However, the Illinois statute authorizing amended pleadings did so if the amended pleading "grew out of the same transaction or occurrence set up in the original pleading." *Id.*, at 1344. *Zeh* held that the Illinois statute had shifted the common law requirements for amendment similar to the present Virginia statute from a requirement that the:

> [A]mended pleading set up the same cause of action as the original pleading to a test of identity of transaction or occurrence . . . . The legislative change was based on the rationale that "a defendant has not been prejudiced so long as his attention is directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." *Id.*, at 1345.

Additionally, *Zeh* specifically identified a particular street address, and this motion for judgment did not. Moreover, in *Zeh* there was no showing that the agent had any prior knowledge of the mistaken identification of the location of the accident, and that seemed to be significant in the Court's holding. *Id.*, at 1349. In this case, the indication thus far is that the defendant was fully aware of where the plaintiff had fallen at the time the suit was filed. Indeed, even without the documents referred to above showing notice of the claim by the plaintiff, the defendant must have known that the plaintiff was in error in describing the location of her fall because she described herself as a tenant of the defendant "living at the Winchester Garden Apartments," yet its own records undoubtedly showed that this lady was not a tenant of the Winchester Garden Apartments, but rather a tenant of the Shenandoah Apartments. When the defendant does know of the mistake and has been fully advised that the plaintiff is attempting to recover damages in a law suit,

liberal amendment should be permitted, as Mr. Justice Holmes stated in *New York Central & Hudson River Railroad Co. v. Kinney*, 260 U.S. 340, 346, 67 L.Ed. 294, 296 (1922).

> When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule [allowing amendments to plaintiff's statement] should be applied.

In some cases where the location of the injury may change the duty of care of the defendant, amendments have not been permitted. *Gilmore v. City of Chicago*, 79 N.E. 596 (Ill. 1906) (Slip-and-fall case because of a defective sidewalk could not be amended to charge another location where the City's duty of care in maintenance was different between those two locations, distinguishing an earlier Illinois case where the location of a streetcar accident injuring the plaintiff was permitted to be amended because the negligence and duty of the railroad to its passengers was the same no matter where its streetcars collided.) *See also Delaware & Hudson Co. v. Jennings*, 64 F.2d 531 (3d Cir. 1933), refusing an amendment to change the location of the place where a plaintiff was allegedly injured from a point away from an intersection where the plaintiff would have been a trespasser to an intersection where the plaintiff would have had the lawful right to cross. *See also Herz v. Pennsylvania Railroad*, 153 A. 686 (Pa. 1931), same holding on somewhat similar facts.

This plaintiff intended to make a claim against the defendant for injuries received when it negligently failed to remove snow and ice from a premise it managed. It now develops that its duty arose because of a different management contract but, paraphrasing *Dillow*, this plaintiff is "attempting to assert rights and to enforce claims arising out of the same . . . act . . . [one fall on an apartment complex managed by the defendant]. However great may be the difference in the form of liability [a duty of management under a different contract] as contained in the amended [pleading], it will not be regarded as for a new cause of action."

Counsel for the plaintiff will prepare the appropriate order permitting the amendment. Counsel for the defendant should file a plea of the statute of limitations, and then the Court will enter an order overruling that plea in order to preserve the record for both parties.