## CIRCUIT COURT OF FAIRFAX COUNTY

Whited

    v.

World of Ford Sales, Inc.

September 18, 1992

Case No. (Law) No. 114349

BY JUDGE JACK B. STEVENS

This matter is before the Court on plaintiff Whited's Motion for Reconsideration of the Court's ruling of June 12, 1992, which granted defendant's Plea in Bar based upon the Statute of Limitations. For the reasons set forth below, the motion is granted, the earlier ruling is vacated, and the Plea in Bar is overruled.

The relevant facts are that in December, 1985 and January, 1987, plaintiff took his car to defendant for repairs. He later filed a Warrant in Debt in the General District Court claiming "violations of warranty, Magnusson-Moss Act, Virginia Lemon Law, and negligent repair." After removal to the circuit court, the plaintiff filed a Bill of Particulars, alleging, among other things, violation of an express repair warranty. The plaintiff took a nonsuit on October 18, 1991. On April 13, 1992, plaintiff filed this Motion for Judgment, alleging breach of contract to repair as his sole basis for damages.

Defendant then filed a Plea in Bar based on the statute of limitations. Defendant argued that the two suits raised two separate causes of action; one in tort, the other in contract. The breach of warranty pleaded in the original action claimed a basis in tort, whereas the cause of action in this Motion for Judgment is based solely on contract. The defendant argued that because the original suit and the new Motion for Judgment raised different causes of action, the breach of contract action here could not relate back to the Warrant in Debt and would be barred by the five year statute of limitations.

Plaintiff argues that the claims in the Motion for Judgment and the Warrant in Debt arise under the same cause of action. Therefore, the

five year statute of limitations for a written contact was tolled by the filing of the Warrant in Debt. Upon reconsideration, the Court agrees with the plaintiff.

The breach of contract alleged arises out of the same set of facts as the claim alleged in the original Warrant in Debt and particularized in the Bill of Particulars. In general, rights or claims arising from the same transaction, obligation or agreement are viewed as arising from a single cause of action, *New River Min. Co. v. Painter*, 100 Va. 507, 510 (1902); *Dillow v. Stafford*, 181 Va. 483 (1943). The Bill of Particulars alleges breach of a repair warranty. The Motion for Judgment asserts claims for breach of repair contracts between the same parties involving the same repairs to the same car during the same time period. As such, the Court finds a single cause of action involved which the plaintiff has pleaded under different theories.