## CIRCUIT COURT OF FAIRFAX COUNTY

Ralph W. Lee & Co.

    v.

United Air Temp,
Air Conditioning & Heating, Inc.

Case No. (Law) 150523

August 19, 1996

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Plaintiff's Motion to Amend its Motion for Judgment. Upon consideration of the arguments and evidence presented, I grant the Plaintiff's Motion for Leave to Amend its Motion for Judgment.

The Plaintiff filed its Motion for Judgment on March 7, 1996, in the name of Ralph W. Lee & Company. Ralph W. Lee & Company, a corporation wholly owned by Ralph W. Lee & Associates, Inc., was merged into Ralph W. Lee & Associates, Inc., on December 31, 1995. The Plaintiff now seeks to amend its Motion for Judgment to reflect the current status of the parties. Namely, the motion before the Court seeks to substitute Ralph W. Lee & Associates, Inc., in place of the originally named Plaintiff.

The case at hand involves a situation similar to that faced by the Virginia Supreme Court in *Dillow v. Stafford*, 181 Va. 483, 25 S.E.2d 330 (1943). In *Dillow*, the Court allowed the substitution of party plaintiffs on the basis that such an amendment would "not effect a change in the cause of action . . . ." *Id.* at 486. Like *Dillow*, the case at bar involves the substitution of a party with identical interests as the originally named Plaintiff. That is, Ralph W. Lee & Associates, Inc., is the successor in interest to all of the assets of Ralph W. Lee & Company, including the accounts receivable owed by defendant to Ralph W. Lee & Company. Accordingly, to allow an amendment in this case will not change the cause of action since the proposed "substituted party bears a real relation of

242

interest to the original party, and no one [will be] prejudiced by the mistake." *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 818 (1957).

Furthermore, the Defendant mischaracterizes the Plaintiff's error as material. Since the Plaintiff is merely attempting to amend its pleading in form rather than in substance, I do not consider the error at hand to be fatal. Instead, the amended pleading possesses identical features, claims, and facts as those originally filed by the Plaintiff. Thus, the Defendant will not be prejudiced by the Plaintiff's mistake. The Plaintiff's Motion to Amend its Motion for Judgment is granted.

August 30, 1996

BY JUDGE MARCUS D. WILLIAMS

This matter comes on Defendant's Plea in Bar. Upon consideration of the statutes, cases, and arguments presented, the Court denies the Plea in Bar.

On March 7, 1996, Plaintiff filed its Motion for Judgment in the name of Ralph W. Lee & Company. Thereafter, the Court granted leave to amend the Motion for Judgment, allowing Plaintiff to substitute Ralph W. Lee & Associates, Inc., in place of the originally-named Plaintiff, a District of Columbia corporation that merged into Ralph W. Lee & Associates, Inc., on December 31, 1995. Defendant contends that neither Ralph W. Lee & Company nor Ralph W. Lee & Associates, Inc., may maintain the instant action because (1) Ralph W. Lee & Company did not exist on March 7, 1996, and thus was not an entity entitled to file an action; and (2) Ralph W. Lee & Associates, Inc., is barred by the statute of limitations.

Section 13.1-767(D) of the Code of Virginia provides that "[t]he right of a foreign corporation that has terminated its corporate existence to institute and maintain in its corporate name actions . . . in the courts of this Commonwealth shall be governed by the law of the state of its incorporation." D.C. Code § 29-370(5), which governs the rights, privileges, and liabilities of corporations upon merger, authorizes such corporations to prosecute to judgment any existing claims "as if such merger . . . had not taken place . . . ." Accordingly, Ralph W. Lee & Company had a statutory right to institute this action in its corporate name even though it had terminated its corporate existence.

The Court concludes further that the three-year statute of limitations does not bar Ralph W. Lee & Associates, Inc., from maintaining this

action.[1] In *Jacobson v. Southern Biscuit Co.*, the Supreme Court stated: "If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, *notwithstanding the running of the statute of limitations*, provided there is no change in the cause of action originally stated." 198 Va. 813, 817 (1957) (emphasis added). The Court recognizes that *Jacobson* involved an action wherein the plaintiff misnamed the defendant. The principle relied upon, however, is broad enough to encompass both plaintiffs and defendants. *Cf. Chesapeake House v. Virginia National Bank*, 231 Va. 440, 442 (1986) (explaining that the rule does not apply where a new plaintiff is substituted for a plaintiff who lacks standing to bring suit).

---

[1] In granting Plaintiff's Motion for Leave to Amend, the Court has already implicitly decided this question. Nevertheless, as Defendant has raised this argument in the Plea in Bar, the Court will revisit this issue.