## CIRCUIT COURT OF FRANKLIN COUNTY

Robert Murray

    v.

Royal Construction Co.,
Inc., et al.

June 10, 2002

Case No. CL01-04-7383

BY JUDGE WILLIAM N. ALEXANDER, II

On August 11, 1993, Plaintiff, Robert Murray contracted with defendant, Royal Construction Company, to construct a house for him on his lot in Water's Edge. The exterior walls of Murray's home are clad with a synthetic stucco, an Exterior Insulation and Finish System (EIFS), manufactured by Dryvit Systems, Inc., and applied by a subcontractor of Royal. The house was completed in May 1994, and Murray moved in.

In the summer of 1996, Murray discovered water leaking into the house. He filed this action on June 4, 2001, and alleges substantial damage to the home including excessive moisture levels in the walls of the home, exterior wood rot, and interior wood rot. Murray alleges the EIFS failed to keep the water out and the problems and damages were caused by deficiencies in the materials and workmanship provided by defendants.

Dryvit has demurred to the counts of negligence per se, fraud, constructive fraud, violation of the Virginia Consumer Protection Act, violation of Va. Code § 18.2-216, deceptive advertising, and breach of express warranty. Royal has demurred to the counts alleging negligence per se, breach of express warranty, actual fraud, constructive fraud, violation of the Virginia Consumer Protection Act, and violation of § 18.2-216, deceptive advertising.

Dryvit has also filed a motion craving oyer of all express warranties and all untrue, deceptive, and misleading advertising material upon which the counts alleging violations of the Virginia Consumer Protection Act and of Virginia's Deceptive Advertising Statute are based.

## Motion Craving Oyer

Dryvit's motion craving oyer is denied.

## Demurrers

A demurrer tests the sufficiency of the factual allegations stated in the pleadings. The Court must consider as true all well pleaded material facts and the reasonable inferences drawn from those facts. *Fox v. Custis*, 236 Va. 69, 71 (1988).

## I. *Dryvit's Demurrers*

### A. *Count Seven: Negligence Per Se*

Murray's claim is that he suffered damages from "the excessive moisture levels within the walls of the home and exterior and interior wood rot, the necessary and reasonable costs of repair, and the diminishment in value of the home as a result of the many structural defects and other deficiencies" in his home. (MFJ P-20.) He also claims personal injury in that the moisture trapped behind the EIFS will "cause wood to rot and decay, and would promote mold growth in and insect infestation of wood and insulation, resulting in risks to the health of the occupants. . . ." (MFJ P-74.)

Murray's claims are for economic loss. There is no privity of contract between him and Dryvit. The Uniform Statewide Building Code does not support his negligence *per se* claim. *Sensenbrenner v. Rust Orling & Neale*, 236 Va. 419, 422-23 (1988); *Moskowitz v. Renaissance at Windsong Creek, Inc.*, 52 Va. Cir. 459 (2000); and *Jazayerli v. Renaissance Housing Corp.*, 55 Va. Cir. 49 (2001).

Dryvit's demurer is sustained as to this count, and this count is dismissed without leave to amend.

## B. *Count Eight: Fraud and Count Nine: Constructive Fraud*

Murray's allegations in these counts are insufficient to allege fraud or constructive fraud. The allegations are not particular as to Dryvit but simply vague statements. Murray does list nine alleged instances in which Dryvit provided false and inaccurate information to the consuming public (including him) and twenty-nine instances in which Dryvit concealed or failed to accurately disclose information to the consuming public (including him). But these allegations are just vague statements and do not allege that any false representation was made to him, that anything was deliberately concealed from him, or that any inaccurate information was given him. There are no details about anything that Dryvit did or failed to do. Missing is any allegation of any communication between Dryvit and Murray or of any type of relationship between the two. Nothing is alleged as to how or when information was concealed or inaccurate information provided or that Murray was even aware of any such information.

Murray claims Dryvit was under a duty to disclose information to him because the company was in a superior position to know the true facts and hidden defects of its EIFS. Murray has not alleged any facts that establish some relationship between him and Dryvit that gives rise to a duty to disclose information to him.

Dryvit's demurrer as to Counts VIII and IX are sustained and these counts are dismissed. Murray shall have 21 days from the date of the entry of the order to file an amended motion for judgment should he choose to do so.

## C. *Count Ten: Violation of the Consumer Protection Act*

The EIFS is a component part of Murray's home installed by a contractor or subcontractor. Murray does not allege he purchased the EIFS from Dryvit. The sale of the EIFS to a contractor or subcontractor is a commercial transaction, not a consumer transaction within the Virginia Consumer Protection Act (VCPA). See *Winchester Homes, Inc. v. Hoover Universal, Inc.*, 27 Va. Cir. 62 (Fairfax 1992); *Jazayerli v. Renaissance Housing Corp.*, 55 Va. Cir. 49 (2001); *Bay Point Condo. Ass'n, Inc. v. RML Corp.*, 52 Va. Cir. 1 (2000), and numerous other cases for similar holdings.

Dryvit's demurrer to this count is sustained and this count is dismissed without leave to amend.

### D. *Count Eleven: Violation of Va. Code § 18.2-216*

Murray does not allege he purchased the EIFS from Dryvit or that he saw or read of any of Dryvit's advertisement. There are no specifics alleged about any advertisement. There is no allegation that Murray knew anything about Dryvit or that he had ever heard the name, Dryvit. No reliance or causation has been alleged.

Dryvit's demurrer to this count is sustained. Murray shall have leave to amend his motion for judgment within 21 days from the date the order is entered.

### E. *Count Twelve (Eleven in MFJ): Breach of Express Warranty*

The loss sustained by Murray is solely economic. There is no privity of contract between Murray and Dryvit. The EIFS manufactured by Dryvit are goods used in construction and have been incorporated into realty. See *Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*, 254 Va. 343 (1997), and *MacConkey v. F. J. Matter Design, Inc.*, 54 Va. Cir. 1 (2000).

Dryvit's demurrer to Count Twelve is sustained and this count is dismissed without leave to amend.

## II. *Dryvit's Special Pleas*

In view of the court's ruling on Dryvit's demurrer, the court will not rule on Dryvit's Special Pleas until such time as Murray files his amended motion for judgment should he file one.

## III. *Royal's Demurrer*

### A. *Count One: Negligence Per Se*

Murray's claims are for economic loss. The Uniform Statewide Building Code is a safety statute and does not support Murray's negligence *per se* claim. Murray's claim is for damage to property. There is no cause of action for the negligent breach of a contract.

Royal's demurer is sustained as to Count One, and this count is dismissed without leave to amend.

### B. *Count Two: Breach of Express Warranty*

Royal's demurrer is overruled.

## C. *Count Three: Breach of Implied Warranties*

Royal's demurrer is overruled.

## D. *Count Four: Breach of Contract*

The failure to attach a copy of the contract to the motion for judgment is not fatal, and Royal's demurrer is overruled.

## E. *Count Five: Actual Fraud*

In *McMillion v. Dryvit Systems, Inc.*, 262 Va. 463, 471 (2001), the Supreme Court, citing *Patrick v. Summers*, 235 Va. 452, 454 (1988), stated "[F]raud must relate to a present or a pre-existing fact. . . ." and quoting *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 293 (1996), said:

> [i]t is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion. The mere expression of an opinion, however strong and positive the language may be, is no fraud. Such statements are not fraudulent in law, because . . . they do not ordinarily deceive or mislead. Statements which are vague and indefinite in their nature and terms, or are merely loose, conjectural, or exaggerated, go for nothing, though they may not be true, for a [person] is not justified in placing reliance upon them.

Flynn's statements are expressions of opinion about the stucco.

Accordingly, Royal's demurrer is sustained. Murray shall have 21 days from the entry of the order reflecting this ruling to file an amended motion for judgment should he be so advised.

## F. *Count Six: Constructive Fraud*

There are occasions when a party can show a breach of contract and a tortious breach of duty. *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241 (1991), but "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.* (citing *Spence v. Norfolk & W. RR.*, 92 Va. 102, 116 (1895).

Murray has not alleged any independent common law duty. The essence of constructive fraud is negligent misrepresentation. *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557 (1998). If this common law duty does not exist separate from the contract, there can be no recovery in tort. No such common law duty has been pleaded. Murray's appropriate cause of action is for breach of contract.

Royal's demurrer is sustained, and this count will be dismissed without leave to amend.

## G. *Count Ten: Violation of the Consumer Protection Act*

Section 59.1-198 of the Code of Virginia defines a consumer transaction to mean the "sale . . . of goods . . . to be used primarily for personal, family or household purposes. . . ." Murray alleges Royal violated the VCPA in a number of ways. (MFJ P-87.) These are the same allegations used by the plaintiff in *Bay Point Condominium Assn., Inc. v. RML Corp.*, 52 Va. Cir. 432, 445 (2000). In *Winchester Homes, Inc. v. Hoover Universal Inc.*, 27 Va. Cir. 62 (1992), the court held that materials sold by a manufacturer to a building contractor are not covered by the VCPA because they are to be used as component parts in the construction of homes.

This court agrees with the reasoning of the *Hoover* and *Bay Point* courts and finds that the EIFS was not sold to Murray for personal, family, or household purposes but sold to Royal or his subcontractor by Dryvit to be included as a component part of the house constructed by Royal for Murray.

Likewise, Royal did not sell the EIFS to Murray for personal, family, or household purposes but turned over to him a completed house containing the EIFS. This is a transaction involving non-consumer goods and is not subject to the provisions of the VCPA.

Accordingly, Royal's demurrer is sustained, and this count is dismissed without leave to amend.

## H. *Count Eleven: Violation of Va. Code § 18.2-216*

Va. Code § 18.2-216 prohibits any advertisement that "contains any promise, assertion, representation, or statement of fact which is untrue, deceptive, or misleading, or uses any other method, device, or practice which is fraudulent, deceptive, or misleading to induce the public to enter into any obligation. . . ." Va. Code § 59.1-68.3 (and .5) provides a cause of action to any person suffering a loss as a result of a violation of § 18.2-216. Murray's

allegations in P-92 of his MFJ are sufficient to state a cause of action for deceptive advertising under these two statutes.

Accordingly, Royal's demurrer is overruled.

## IV. *Royal's Special Pleas*

The Court will rule on Royal's special pleas when the evidence has been more fully developed.