## CIRCUIT COURT OF FRANKLIN COUNTY

Randy Young,
for the estate of
Sherry Carter Young

v.

John Carter, Jr.

November 12, 2002

Case No. CL01-04-7472

BY JUDGE WILLIAM N. ALEXANDER, II

Sherry Carter Young died as a result of injuries suffered in a car accident on September 19, 1999. This wrongful death action was filed on September 17, 2001, and styled "Randy Young, for the estate of Sherry Carter Young v. John Carter, Jr. When the suit was filed no one had qualified as administrator of Sherry Carter Young's estate. No service was requested until August 1, 2002. Service was made on August 14, 2002. On September 17, 2002, Randy Young qualified as the administrator of her estate.

Carter demurs asserting that Randy Young had not qualified as personal representative prior to initiating this action, that this wrongful death action has not been brought in the name of the personal representative of the decedent, and that the motion for judgment be dismissed. Young contends the litigation should be allowed to continue as filed but, in the alternative, the Court should allow Randy Young, Personal Representative of the Estate of Sherry Carter Young to be added as party plaintiff or substituted for the original plaintiff.

Va. Code § 8.01-50 creates a right of action for wrongful death. This section requires that a wrongful death action "shall be brought by and in the name of the personal representative of. . . ." the deceased person and within the time limits specified by Code § 8.01-244. Section 8.01-244 requires that

every wrongful death action "be brought by the personal representative of the decedent before the expiration of two years next after the cause of action shall have accrued. . . ." A recitation of case law is unnecessary. Virginia law is clear. Wrongful death actions must be brought by and in the name of the personal representative of the decedent. Randy Young, not having qualified as Sherry Carter Young's personal representative, had no standing to file this wrongful death action.

"Randy Young, Personal Representative of the Estate of Sherry Carter Young" cannot now be substituted for the original plaintiff who had no standing to bring that action. While Rule 1:8 requires this Court grant leave to amend liberally, "a new plaintiff may not be substituted for an original plaintiff who lacked standing to bring the suit. Statutes relating to misjoinder and nonjoinder are not applicable in such situations, and the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff." *Chesapeake House v. Virginia National Bank*, 231 Va. 440, 442-43 (1986). The demurer is sustained.

Ordinarily this means that this action must be dismissed. However, Plaintiff presented an order of nonsuit at the hearing on this matter on October 16, 2002, containing the following language:

> And it is further ordered, adjudged, and decreed that pursuant to Section 8.01-229 of the Code of Virginia of 1950, as amended, the plaintiff shall be permitted to recommence this action within six months from the date of entry of this order, within the original period of limitation, or within one year after his qualification as personal representative, whichever period is longer.

I will not enter the order of nonsuit with this language in it. Randy Young had no standing to bring this suit and § 8.01-244(B) governs. Since Randy Young did not qualify as administrator until more than two years after the death of Sherry Carter Young, a new wrongful death action is clearly barred by the statute of limitations.

But, because the motion for nonsuit was made before the action was submitted to the Court for decision, I will enter a nonsuit order without the above language. This nonsuit order should be submitted immediately. If Plaintiff does not intend to nonsuit, an order sustaining the demurrer and dismissing this action will be entered.