PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Lacy, S.JJ.

ROBIN M. KOCHER

OPINION BY
v.  Record No. 100399     SENIOR JUSTICE CHARLES S. RUSSELL
June 9, 2011

RICHARD EUGENE CAMPBELL

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
J. Howe Brown, Judge Designate

This appeal presents the question whether the plaintiff in an action to recover damages for personal injuries had standing to maintain his action after filing a petition for bankruptcy, causing his claim to become an asset of his bankruptcy estate. To answer the question, we must determine whether the plaintiff's cause of action was exempted or abandoned in the bankruptcy proceeding.

Facts and Proceedings

The factual background is undisputed, although the parties differ as to the legal consequences of the facts. On April 6, 2004, Edward Eugene Campbell (the plaintiff) was involved in a motor vehicle collision with Robin M. Kocher (the defendant) in Spotsylvania County. On October 1, 2005, after the collision but before filing any action against the defendant, the plaintiff filed a voluntary Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. His petition made no mention of his personal injury

claim.  It was not listed as an asset in Schedule B or claimed as exempt property in Schedule C of the petition.  On January 6, 2006, the plaintiff received a standard discharge in bankruptcy.

On February 3, 2006, the plaintiff filed a complaint against the defendant to recover damages for injuries sustained as a result of the 2004 collision.  The defendant was never served with process and the plaintiff took a nonsuit.  In April 2006, the plaintiff filed a second complaint on the same cause of action, but the defendant was not served until April 3, 2007.  The defendant filed a motion for summary judgment on the ground that the plaintiff lacked standing to bring the action.  On January 4, 2008, during a hearing on the defendant's motion, the plaintiff took another nonsuit.

The trustee, with the plaintiff's concurrence, filed a motion in the bankruptcy court to reopen his bankruptcy case, which that court granted on February 14, 2008.  In the reopened proceeding, the plaintiff obtained leave to file amended schedules, listed the personal injury claim as an asset and claimed it as exempt property.  On May 29, 2009, the bankruptcy court entered an order holding that the plaintiff had "properly exempted" the cause of action.[1]

---

[1] Attested copies of relevant parts of the record in the bankruptcy case were made an exhibit and are a part of the record in the present case.

On May 27, 2008, the plaintiff filed his third complaint on the 2004 cause of action, but did not serve the defendant with process until March 2009.  The defendant filed a motion for summary judgment asserting lack of standing and the statute of limitations.  On December 10, 2009, the circuit court denied the defendant's motion for summary judgment, and on February 19, 2010 it certified the issue for an interlocutory appeal pursuant to Code § 8.01-670.1.  We awarded the defendant an appeal.

Analysis

The appeal presents pure questions of law.  We apply a de novo standard of review to such questions.  Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008).

Article I, § 8 of the Constitution of the United States empowers Congress to establish "uniform laws on the subject of bankruptcy throughout the United States."  Congress has exercised that power and, accordingly, federal statutes, bankruptcy rules and the decisions of the federal courts are dispositive in deciding all questions of bankruptcy law. Questions concerning the standing of litigants to maintain actions in the courts of Virginia, however, are governed by the law of Virginia, as are issues involving non-federal statutes of limitations.

The Federal Bankruptcy Code provides that upon the filing of a petition in bankruptcy, a bankruptcy estate is created by

operation of law and a trustee is appointed to administer it. All the legal and equitable interests in property that the debtor had before the petition was filed pass to and become a part of the bankruptcy estate, under the control of the trustee. 11 U.S.C. § 541. Koch Refining v. Farmers Union Central Exchange, Inc., 831 F.2d 1339, 1343-44 (7th Cir. 1987). The effect of Section 541 of the Bankruptcy Code extends to not only those causes of action which are pending in court, but also to those which are only inchoate claims at the time of filing. See e.g., Sierra Switchboard Co. v. Westinghouse Elec. Corp. 789 F.2d 705, 707-08 (9th Cir. 1986); U.S. ex rel. Gebert v. Trans. Admin. Servs., 260 F.3d 909, 913 (8th Cir. 2001). Therefore, as a result of the plaintiff's filing a petition in bankruptcy, his inchoate personal injury claim passed to his bankruptcy estate on October 1, 2005. Thereafter, the cause of action was one that could only be asserted by the trustee in bankruptcy, Koch Refining, 831 F.2d at 1342, unless and until it was restored to the plaintiff by the bankruptcy court. We must therefore determine when, or if, such a restoration occurred in the present circumstances.

There are two methods by which assets of a bankruptcy estate may be restored to a debtor after a petition in bankruptcy has been filed. The first method allows the trustee to abandon the assets after notice and hearing pursuant to 11

4

U.S.C. § 554 because he deems them to be burdensome to the estate or of inconsequential value. The record does not indicate that any such proceedings ever took place in the plaintiff's bankruptcy case. Parker v. Wendy's Int'l., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). Abandonment also occurs when listed assets remain unadministered when the bankruptcy case is closed. 11 U.S.C. § 554(C).

The second method allows the bankruptcy court to exempt the assets pursuant to 11 U.S.C. § 522. In the absence of abandonment or exemption, the assets remain a part of the bankruptcy estate. Federal law provides for certain exemptions, but permits the states to "opt out" of those provisions by substituting their own exemption laws. 11 U.S.C. 522(d). Virginia is a state that has done so. Code § 34-3.1; see also Shirkey v. Leake, 715 F.2d 859, 861 (4th Cir. 1983). Code § 34-28.1 provides that causes of action for personal injury "shall be exempt from creditor process against the injured person. . . ." That exemption is therefore applicable in bankruptcy proceedings.

In order to claim the exemption, the debtor must list the cause of action as an asset in his schedule B and then claim it as exempt property on his schedule C using forms prescribed by the bankruptcy rules. The bankruptcy court may thereafter enter an order exempting the listed property. Until such an order is

entered, the property remains a part of the bankruptcy estate. Tavenner v. Smoot, 257 F.3d 401, 407 (4th Cir. 2001). See Parker, 365 F.3d at 1272. If the debtor fails to follow this procedure, the cause of action, having become a part of the bankruptcy estate by virtue of 11 U.S.C 541, remains so, and is enforceable solely by the trustee. Koch Refining, 831 F.2d at 1342.

Applying those principles to the facts of this case, it becomes apparent that the plaintiff's 2004 cause of action became a part of the bankruptcy estate on October 1, 2005 when his petition for bankruptcy was filed and that it remained an asset of the estate until May 29, 2009 when the bankruptcy court ordered it exempted. Therefore, all three of the complaints the plaintiff filed in the circuit court against the defendant, in February 2006, in April 2006, and in May 2008, (the subject of this appeal) were filed during the period when the plaintiff lacked standing to assert the cause of action because it remained in the bankruptcy estate, enforceable only by the trustee.

The plaintiff contends that the final order closing the reopened bankruptcy case in 2009 had the effect of abandoning all property remaining in the estate and left "unadministered by the trustee." The plaintiff argues that abandonment, unlike exemption, causes the abandoned property to revert back to the

6

debtor retroactively, as if the bankruptcy had never occurred, citing Brown v. O'Keefe, 300 U.S. 598, 602 (1937). We do not agree, however, with the plaintiff's argument that the final order in the bankruptcy case has an effect on the present case for two reasons. First, the exemption that preceded the final order had already removed the plaintiff's cause of action from the bankruptcy estate and restored it to the debtor. It was no longer an asset remaining in the estate but "unadministered by the trustee." Second, as noted above, the effect of the plaintiff's lack of standing at the time of filing this action is a question governed by Virginia law.

In Johnston Memorial Hospital v. Bazemore, 277 Va. 308, 312, 672 S.E.2d 858, 860 (2009), we held that an action filed by a party who lacks standing is a legal nullity. It has no tolling effect on the statute of limitations and furnishes no basis for a nonsuit. Standing acquired after the statute of limitations has run cannot be retroactively applied to cure the lack of standing that existed when the action was filed. Id.; Fowler v. Winchester Medical Center, Inc., 266 Va. 131, 134, 580 S.E.2d 816, 817 (2003).[2]

---

[2] The Federal courts similarly hold that an exemption granted by the bankruptcy court does not relate back to the time of filing so as to toll the statute of limitations by conferring standing retroactively. In re Wilmoth, 412 B.R. 791, 799 (Bankr. E.D. Va. 2009).

Virginia provides a two-year limitation period for causes of action for personal injury.  Code § 8.01-243.  The plaintiff's cause of action was therefore time-barred after April 6, 2006.  Because all three complaints filed against the defendant were legal nullities filed by a party who lacked standing, they, and the several purported nonsuits, had no tolling effect.

### Conclusion

Because the present action was a nullity at the time of its filing and the statute of limitations had run before it was filed, the circuit court erred in denying the defendant's motion for summary judgment.  Accordingly, we will reverse the judgment appealed from and dismiss the case.

<u>Reversed and dismissed</u>.