# CIRCUIT COURT OF THE CITY OF RICHMOND

Charles D. Battle

v.

City of Richmond et al.

January 18, 2012

Case No. CL10-3164

By Judge Mary Jane Hall

Upon review of the pleadings relating to Defendant Bryan Norwood's Motion to Dismiss, in which motion the other defendants have joined, the Court finds that the motion is controlled by the Virginia Supreme Court's decision in *Kocher v. Campbell*, 282 Va. 113, 712 S.E.2d 477 (2011), and that no oral argument is necessary. The motion to dismiss is granted as to Counts 2-4, 6-8, 10-12, 14-15 and denied as to Counts 1, 5, 9, and 13.

The chronology of events is significant. The incident for which Plaintiff was accused of wrongdoing happened on June 26, 2009. He was thereafter the subject of an internal police investigation, a criminal investigation, an indictment on January 4, 2010, and an ensuing criminal prosecution. Plaintiff filed for Chapter 7 bankruptcy relief on May 13, 2010. He did not list his claims against these defendants on his bankruptcy schedules. The Commonwealth dismissed the criminal prosecution against Plaintiff on June 7, 2010. He received his discharge in bankruptcy on August 24, 2010.

The causes of action that Plaintiff asserts in his Complaint against each Defendant for abuse of process, conspiracy, and intentional infliction of emotional harm had accrued as of the date that he filed bankruptcy. Therefore, his interest in those claims passed to the bankruptcy estate: "All the legal and equitable interests in property that the debtor had before the petition was filed pass to and become a part of the bankruptcy estate, under the control of the trustee." *Kocher*, 282 Va. at 117, 712 S.E.2d at 479. Because Battle's claims against Defendants were neither exempted nor abandoned by the trustee in bankruptcy court, Battle lacks standing to assert those claims on his own behalf:

> In the absence of abandonment or exemption, the [claims] remain a part of the bankruptcy estate. . . . In order to claim the exemption, the debtor must list the cause of action as an asset in his schedule B and then claim it as exempt property on his schedule C using forms prescribed by the bankruptcy rules. . . . If the debtor fails to follow this procedure, the cause of action, having become a part of the bankruptcy estate by virtue of 11 U.S.C. § 541, remains so, and is enforceable solely by the trustee.

*Id.* at 118, 712 S.E.2d at 480.

*Kocher* is not distinguishable and mandates that the motion to dismiss be granted as to all claims that had accrued as of the date of the bankruptcy petition, Count 2: Abuse of Process against David McCoy, Count 3: Common Law Conspiracy against David McCoy, Count 4: Intentional Infliction of Emotional Distress against David McCoy, Count 6: Abuse of Process against Peter Jackson, Count 7: Common Law Conspiracy against Peter Jackson, Count 8: Intentional Infliction of Emotional Distress against Peter Jackson, Count 10: Abuse of Process against Bryan Norwood, Count 11: Common Law Conspiracy against Bryan Norwood, Count 12: Intentional Infliction of Emotion Distress against Bryan Norwood, Count 14: Conspiracy against Howard Hicks, Count 15: Intentional Infliction of Emotional Distress against Howard Hicks.

Plaintiff correctly argues that the causes of action for malicious prosecution had not yet accrued on the petition date, because the prosecution had not terminated in a manner favorable to Plaintiff. *See Wiggs v. Farmer*, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964). Therefore, that cause of action did not belong to Plaintiff and thus did not pass to the bankruptcy trustee upon the creation of the estate in bankruptcy.

The effect of a plaintiff's failure to supplement his schedules and include a post-petition claim as part of the estate, as in the case at bar, has received varying treatment in courts around the country. In a case upon which Defendants rely from the Western District of Virginia, *Stanley Paint Co. v. The Sherwin-Williams Co.*, 156 B.R. 25 (W.D. Va. 1993), the court held that a claim which arose post-petition but pre-discharge and which was never listed by the debtor in the bankruptcy, belonged to the estate and could not be asserted by the debtor individually post-discharge.

The Court finds the authority on the other side of this issue, which is discussed in detail in *Osherow v. Wells Fargo Home Mortgage (In re Rhinesmith)*, 450 B.R. 630 (Bankr. W.D. Tex. 2011), to be more persuasive. Many courts have concluded that, "Unlike pre-petition claims, claims which accrue to the debtor post-petition generally will not adhere to the estate and remain actionable by the debtor." *Stanley v. Comm. Bank, N.A.*, 2009 U.S.Dist. LEXIS 8022 at *6-7 (N.D. N.Y. 2009); *see also Bell v. Bell*, 225 F.3d 203, 215 (2d Cir. 2008) (stating that "property of the estate is

distinct from the property of the debtor. Property acquired by the estate after the commencement of the case . . . is property of the estate. But property acquired post-petition by the debtor does not enter the estate; it remains the separate property of the debtor").

Battle's malicious prosecution claims against Defendants accrued post-petition and remain his separate property. Therefore, those claims will not be dismissed. This Court shares the Texas Court's perspective on the public policy underlying its decision:

> [P]ublic policy also supports the conclusion that an individual debtor's post-petition claim arising from post-petition conduct should not be considered property of the estate. An individual debtor's ability to obtain a fresh start could be severely impacted by the inclusion of post-petition claims, resulting from personal harm suffered by the debtor post-petition, in property of the estate. This becomes particularly clear in personal injury cases.

*Osherow*, 450 B.R. at 636.

Because the abuse of process claims are being dismissed, the Court does not reach the Defendants' motions for summary judgment as to those claims.