PRESENT:  All the Justices

SHERYL DENISE RICKETTS

v.  Record No. 160311

OPINION BY
JUSTICE WILLIAM C. MIMS
February 16, 2017

CHARLIE EDWARD STRANGE, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

In this appeal, the Court considers whether Sheryl Denise Ricketts had standing to pursue a personal injury claim against Charlie Edward Strange after filing a Chapter 7 bankruptcy petition.  The Court also considers whether the circuit court erred by denying her motions to correct a misnomer in her complaint or substitute the bankruptcy trustee as the proper plaintiff.

I.        Background and Procedural History

On February 3, 2012, Ricketts was involved in a motor vehicle accident.  She visited her primary care physician later that day complaining of back and neck pain that was radiating into her head and causing a "severe" headache.  A subsequent MRI revealed "a small posterior disc protrusion at C7-T1."  She received corticosteroid injections, participated in physical therapy, and was treated by a chiropractor.  When these treatments proved unavailing, she elected to undergo surgery.

On January 16, 2014, shortly before the statute of limitations expired, Ricketts filed a complaint in the circuit court alleging that Strange's negligence was the direct and proximate cause of the accident.  Strange moved for summary judgment on the ground that Ricketts lacked standing to pursue her claim.  He asserted that in September 2012, Ricketts filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia.  Strange argued that Ricketts's negligence claim was "assertable only by the trustee in bankruptcy" because she failed to properly exempt it from the bankruptcy estate.

In her bankruptcy petition, Ricketts was required to list her interests in personal property. 11 U.S.C. § 521(a)(1)(B)(i). Question 18 of Schedule B directed Ricketts to identify any "liquidated debts owed to [her] including tax refunds." Rickets responded as follows:

> Potential funds due to Debtor unknown at this time, including State & Federal tax refunds, 9/12 interest in joint 2012 tax refund of approximately $9700 = $7274, debtor 1/2 interes[t] = $3638, possible garnishment funds, insurance proceeds, proceeds related to claims or causes of action that may be asserted by the debtor, any claim for earned but unpaid wages, and/or inheritance.

Question 21 directed Ricketts to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Ricketts marked, "None."

On Schedule C, Ricketts was required to list the assets she "claimed as exempt" from the bankruptcy estate. She copied the assets listed under question 18 of Schedule B into Schedule C and alleged that these assets were exempt under Code § 34-4, Virginia's Homestead Exemption.

The circuit court granted Strange's motion for summary judgment. It concluded that because Ricketts "failed to disclose [her claim against Strange] with the requisite reasonable particularity under the circumstances," it "remained part of the . . . bankruptcy estate, [and was] assertable only by the trustee in bankruptcy."

At the time of the circuit court's ruling, the statute of limitations on Ricketts's claim had expired. Moreover, the statute had not been tolled because, without standing, Ricketts's suit was a legal nullity. *Kocher v. Campbell*, 282 Va. 113, 119, 712 S.E.2d 477, 480-81 (2011) ("[A]n action filed by a party who lacks standing is a legal nullity . . . [and] has no tolling effect on the statute of limitations."). To avoid the statute of limitations bar, Ricketts moved, pursuant to Code § 8.01-6, for the circuit court to "amend the named plaintiff [in her pleadings] to [George McLean, the bankruptcy trustee], due to the misnomer." Alternatively, Ricketts asked that

2

McLean be substituted as the proper plaintiff pursuant to Rule 3:17. The circuit court denied the motions. Ricketts appeals.

II.     ANALYSIS

A.  Standing

Ricketts first argues that the circuit court erred by granting Strange's motion for summary judgment. She contends that she had standing to pursue her cause of action because she properly exempted it from the bankruptcy estate. "In an appeal from a circuit court's decision to grant or deny summary judgment this Court reviews the application of law to undisputed facts de novo." *Deutsche Bank Nat'l Trust Co. v. Arrington*, 290 Va. 109, 114, 772 S.E.2d 571, 573 (2015) (quoting *St. Joe Co. v. Norfolk Redevelopment & Hous. Auth.*, 283 Va. 403, 407, 722 S.E.2d 622, 625 (2012)).

"Article I, § 8 of the Constitution of the United States empowers Congress to establish 'uniform laws on the subject of bankruptcy throughout the United States.'" *Kocher*, 282 Va. at 116-17, 712 S.E.2d at 479. "Congress has exercised that power and, accordingly, federal statutes, bankruptcy rules and the decisions of the federal courts are dispositive in deciding all questions of bankruptcy law." *Id.* at 117, 712 S.E.2d at 479. "Questions concerning the standing of litigants to maintain actions in the courts of Virginia, however, are governed by the law of Virginia." *Id.*

"The Federal Bankruptcy Code provides that upon the filing of a petition in bankruptcy, a bankruptcy estate is created by operation of law and a trustee is appointed to administer it." *Id.*; 11 U.S.C. § 541(a) ("commencement" of a bankruptcy case "creates" the bankruptcy estate). "All the legal and equitable interests in property that the debtor had before the petition was filed

3

pass to and become a part of the bankruptcy estate, under the control of the trustee." *Kocher*, 282 Va. at 117, 712 S.E.2d at 479 (citing 11 U.S.C. § 541).

This includes a debtor's "causes of action which are pending in court" and "those which are only inchoate claims at the time of filing." *Id.* (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708-09 (9th Cir. 1986)). When "a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *National Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

Nevertheless, 11 U.S.C. § 522 allows a debtor to exempt assets from the bankruptcy estate and hold this property free from claims of the trustee and creditors. Such exemptions ensure that the debtor has "'the basic necessities of life'" so that he will "'not be left destitute and a public charge.'" *In re Clark*, 711 F.2d 21, 23 (3d Cir. 1983) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 126 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News, 5963, 6097).

Section 522(d) of Title 11 of the United States Code sets out the federal exemption schedule, but Virginia elected to "opt-out" of these federal exemptions pursuant to § 522(b)(2). Code § 34-3.1 ("No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act . . ., except as may otherwise be expressly permitted under this title."). In Virginia, a debtor may only exempt property pursuant to Virginia's exemption statutes, such as Code § 34-4. In accordance with their benevolent purpose, "[e]xemption statutes are liberally construed in favor of debtors." *In re Bissell*, 255 B.R. 402, 409 (Bankr. E.D. Va. 2000) (citing *Linkenhoker v. Detrick*, 81 Va. (6. Hans.) 44, 57-58 (1885)).

To exempt an asset, "the debtor must list the . . . asset in his schedule B and then claim it as exempt property on his schedule C using forms prescribed by the bankruptcy rules." *Kocher*,

282 Va. at 118, 712 S.E.2d at 480; *see also* 11 U.S.C. § 521(a)(1)(B)(i). "If the debtor fails to follow this procedure, the [asset], having become a part of the bankruptcy estate by virtue of 11 U.S.C. § 541, remains so, and is enforceable solely by the trustee." *Kocher*, 282 Va. at 118, 712 S.E.2d at 480.

The present case calls upon the Court to consider the level of specificity with which an asset must be identified in a debtor's schedules to exempt it from the bankruptcy estate. While debtors must disclose all assets, including legal claims, the Bankruptcy Code offers no guidance as to the specificity with which those assets must be described. *See* 11 U.S.C. § 521(a)(1)(B)(i); *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) ("[T]here are 'no bright-line rules for how much itemization and specificity is required.'" (quoting *In re Mohring*, 142 B.R. 389, 395 (Bankr. E.D. Cal. 1992))).

Competing principles frame our analysis. On the one hand, "given the liberal construction traditionally accorded exemption statutes, a debtor's claim of exemption should not be read so narrowly or hypertechnically as to defeat an otherwise proper exemption simply because the description of the property is not perfectly precise." *In re Watkins*, 267 B.R. 703, 708 (Bankr. E.D. Va. 2001). However, the "operation of the bankruptcy system depends on honest reporting." *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985); *In re Furlong*, 660 F.3d 81, 87 (1st Cir. 2011) ("[A] 'debtor has a duty to prepare schedules carefully, completely, and accurately.'" (quoting *Mohring*, 142 B.R. at 394-95)); *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) ("[F]ull disclosure by debtors is essential to the proper functioning of the bankruptcy system."). Unless a debtor's "claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to

administer the statutory scheme." *Payne*, 775 F.2d at 206 (citing *In re Friedrich*, 100 F. 284, 286 (7th Cir. 1900)).

Section 704 (a)(4) of Title 11 of the United States Code requires the trustee to "investigate the financial affairs of the debtor." He is further required to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). The trustee's ability to perform these duties and others set forth in 11 U.S.C. § 704 depends substantially on the accuracy and completeness of the debtor's disclosures. *In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003). These disclosures "are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving a bankruptcy discharge." *Id.* Therefore, a debtor's description of his assets and exemptions must contain sufficient detail to enable the trustee to determine whether further investigation into a claimed exemption is warranted. *See Payne*, 775 F.2d at 206 ("The debtor must furnish enough information to put the trustee on notice of the wisdom of further inquiry. The trustee . . . then may make a calculation of the benefits of more detailed listing in each case . . . .").

But the level of specificity necessary to inform a trustee of whether further investigation is needed will differ depending upon the asset the debtor seeks to exempt. "[I]t would be silly," for example, "to require a debtor to itemize every dish and fork." *Id.* at 205. In the context of a cause of action, many courts have held that "the Bankruptcy Code does not require every component of a cause of action to be spelled out on a debtor's schedule." *Furlong*, 660 F.3d at 87; *Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016) ("[D]ebtors' schedules need not identify every potential cause of action, every possible defendant, or even any defendant at all, *so long as a partially scheduled claim contains enough information that a reasonable investigation by the trustee would reveal the claim ultimately asserted*." (emphasis

6

added) (citing *Furlong*, 660 F.3d at 87-88). For example, in *In re Bonner*, 330 B.R. 880, 2005 Bankr. LEXIS 1683, at *10 (B.A.P. 6th Cir. 2005), the court held that a schedule that merely listed "Auto Accident Claim" was sufficiently specific to alert the trustee to a potential "personal injury [claim] arising out of [an] automobile accident."

Ricketts's schedules identify and then attempt to exempt "possible garnishment funds, *insurance proceeds*, *proceeds related to claims or causes of action that may be asserted by the debtor*, any claim for earned but unpaid wages, and/or inheritance." (Emphasis added). She contends that her negligence claim was properly exempted because it falls within this language. The language, however, is overly general at best and boilerplate at worst. It provides no useful information that would lead the trustee to discover the claim against Strange. *See Payne*, 775 F.2d at 206 (noting that courts should discourage debtors from making "excessively general claims in the hope that if omissions should be discovered, the debtors could argue that the omitted property was 'really' in some broadly worded category.").

Even if the above language was a sincere attempt to schedule her cause of action, it is listed in the wrong location. *See In re Fossey*, 119 B.R. 268, 272 (D. Utah 1990) (holding that a debtor failed to schedule a cause of action when he listed it in an incorrect location). At the time she filed her petition for bankruptcy, Ricketts had yet to initiate her negligence suit. Nevertheless, she claims that she disclosed this inchoate cause of action under question 18 of Schedule B, which asks debtors to list "*liquidated* debts owed to debtor including tax refunds." (Emphasis added). Ricketts conceded at oral argument that it would have been "proper" to list it under question 21, which is reserved for "[o]ther contingent and unliquidated claims of every nature." In response to question 21, however, Ricketts expressly marked, "None." Thus, not only did she fail to properly schedule the cause of action with the requisite specificity, but under

7

question 21, where the trustee would expect to find any such causes of action, she affirmatively represented that no such claim existed. *See Vucak v. City of Portland*, 96 P.3d 362, 366 (Ore. Ct. App. 2004) (holding that a personal injury claim was not properly scheduled when it was listed in the wrong location and the debtor "expressly marked 'NONE' where the form asked her to disclose any 'contingent and unliquidated claims.'").

Ricketts's overly general and misplaced exemption language did not exempt her cause of action from the bankruptcy estate. While there are no "bright-line rules" a debtor must follow to exempt a cause of action, the schedules must contain sufficient detail to lead the trustee to the claim ultimately asserted. Ricketts's schedules do not. Accordingly, the cause of action remained an asset of the bankruptcy estate, and the circuit court did not err by holding that Ricketts lacked standing to assert it.

B. Motions to Amend

Ricketts also argues that the trial court should have granted her motion to amend the name of the plaintiff in her pleadings to correct a misnomer pursuant to Code § 8.01-6. Alternatively, she argues that the circuit court should have granted her motion to substitute George McLean, the Chapter 7 Bankruptcy Trustee, as the proper plaintiff pursuant to Rule 3:17.

1. Misnomer – Code § 8.01-6

Code § 8.01-6 provides that "[a] misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name." "A misnomer 'arises when the right person is incorrectly named, not where the wrong person is named.'" *Cook v. Radford Community Hosp.*, 260 Va. 443, 451, 536 S.E.2d 906, 910 (2000) (alteration omitted) (quoting *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996)). That is, "[a] misnomer is a mistake in the name, not the identification, of a party." *Richmond v. Volk*, 291 Va.

8

60, 64, 781 S.E.2d 191, 193 (2016) (citing *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971)).

Ricketts and McLean are not the same person. The "right person" was McLean, but he was not incorrectly named. Rather, the "wrong person," Ricketts, was named. This is not a misnomer. Thus, the circuit court did not err by denying Ricketts's motion to amend the pleadings pursuant to Code § 8.01-6.

### 2. Rule 3:17

Ricketts alternatively requested that the circuit court substitute McLean as the plaintiff pursuant to Rule 3:17, which states, "[i]f a person becomes incapable of prosecuting or defending because of death, disability, conviction of felony, removal from office, or other cause, a successor in interest may be substituted as a party in such person's place." Rule 3:17(a). The Rule's language contemplates a plaintiff who was once capable of prosecuting a claim, but subsequently "becomes incapable." It is therefore inapplicable to Ricketts, who has been incapable of prosecuting her claim since it was filed.

Nevertheless, on brief, Ricketts relies on *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817, 97 S.E.2d 1, 4 (1957) to argue that McLean should have been substituted because he "bears some relation of interest" to Ricketts and the substitution would not "change the cause of action." This argument has already been addressed in *Chesapeake House on the Bay, Inc. v. Virginia National Bank*, 231 Va. 440, 344 S.E.2d 913 (1986). There, as here, the appellant relied upon *Jacobson* to argue "that leave to amend should be liberally granted in furtherance of the ends of justice, and that even an amendment substituting a new plaintiff or defendant for an original party may be granted if the substituted party bears a real relation of interest to the original party and no new cause of action is introduced." *Id.* at 442, 344 S.E.2d at 915. This rule, however,

9

"has always been subject to the limitation that a new plaintiff may not be substituted for an original plaintiff who lacked standing to bring the suit." *Id.* at 442-43, 344 S.E.2d at 915. Because the original plaintiff, Ricketts, lacked standing to bring the suit, McLean could not be substituted as the proper plaintiff. In such situations, "the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff." *Id.* (citing *Bardach Iron Co. v. Tenenbaum*, 136 Va. 163, 173, 118 S.E 502, 505 (1923)).

Accordingly, the circuit court did not err by denying Ricketts's motion to substitute McLean as the plaintiff pursuant to Rule 3:17.

## III. Conclusion

Ricketts did not properly exempt her negligence claim from the bankruptcy estate. She therefore lacked standing to pursue it, and the circuit court properly granted Strange's motion for summary judgment. Additionally, the circuit court did not err by denying Ricketts's motions for leave to amend her complaint.

*Affirmed.*