COURT OF APPEALS OF VIRGINIA

Present:    Judges Causey, Raphael and Senior Judge Clements
Argued by videoconference


**PUBLISHED**

FATIMA SHAW-McDONALD

v.       Record No. 0067-23-4

EYE CONSULTANTS OF NORTHERN
 VIRGINIA, P.C., ET AL.

OPINION BY
JUDGE STUART A. RAPHAEL
JANUARY 30, 2024

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge[1]

Benjamin J. Trichilo (Harvey J. Volzer; McCandlish Lillard;
Shaughnessy & Volzer, P.C., on briefs), for appellant.

F. Nash Bilisoly (W. Thomas Chappell; Elaine duRoss McCafferty;
Woods Rogers Vandeventer Black PLC, on brief), for appellees.


Fatima Shaw-McDonald sued the two defendants here for medical malpractice, claiming

that they botched her eye surgery. While the case was pending in the trial court, Shaw-

McDonald filed for Chapter 7 bankruptcy protection, prompting defendants to move to dismiss

this case for lack of standing. The trial court deferred acting on that motion. Although Shaw-

McDonald initially failed to disclose the malpractice claim to the bankruptcy court, she amended

her schedules to do so. At the close of the bankruptcy case, the medical-malpractice claim was

abandoned by the trustee. Even so, the trial court dismissed this case for lack of standing,

thinking that dismissal was required by *Kocher v. Campbell*, 282 Va. 113 (2011).

---

[1] Before his elevation to the Supreme Court of Virginia, Justice Thomas P. Mann presided at the June 6, 2022 hearing at which defendants first moved to dismiss the lawsuit. Judge Gardiner granted the motion to dismiss.

We find that the trial court erred in relying on *Kocher*. Unlike the plaintiff in *Kocher*, Shaw-McDonald had standing when she sued defendants. Although her malpractice claim was temporarily transferred to the bankruptcy estate when she filed her Chapter 7 petition, the claim was abandoned at the close of the bankruptcy case, restoring it to her under 11 U.S.C. § 554(c), as if no bankruptcy petition had been filed. Thus, the trial court erred in dismissing the case for lack of standing.

BACKGROUND

The material facts are not disputed. In August 2019, Shaw-McDonald filed this medical-malpractice suit in the Circuit Court of Fairfax County against defendants Eye Consultants of Northern Virginia, P.C. and Northern Virginia Eye Surgery Center, LLC. Shaw-McDonald claimed that defendants negligently performed her cataract surgery in 2017. She amended the complaint in June 2021, increasing the damages claimed to $2.3 million.

In March 2022, Shaw-McDonald filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia. Shaw-McDonald incorrectly checked "No" on the petition questionnaire in response to whether she had any "[c]laims against third parties" or had "filed a lawsuit or made a demand for payment." She also incorrectly answered "No" to the question, "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?"

Shaw-McDonald failed to disclose her bankruptcy filing to defendants, neglecting to supplement her answer to an interrogatory that asked if she had ever "filed for bankruptcy protection." On the night before trial, however, defendants discovered the bankruptcy filing and realized that Shaw-McDonald had not disclosed the malpractice case to the bankruptcy court.

When the parties here appeared for trial on June 6, 2022, defendants brought the bankruptcy filing to the trial court's attention and moved to dismiss the case with prejudice for

lack of standing, relying on *Kocher*, 282 Va. at 113. *Kocher* held that the plaintiff's complaints filed in the Circuit Court of Spotsylvania County were a "nullity" because he had previously filed for bankruptcy, transferring his personal-injury cause of action to the bankruptcy estate. *Id.* at 118-19. The trial court here "deferred ruling" on defendants' motion so "plaintiff's counsel c[ould] have a meaningful opportunity to investigate these matters." The trial court added: "In the interim, except for plaintiff supplementing discovery relative to bankruptcy matters, this case is stayed pending potential briefing and argument on the outstanding motion to dismiss."

That same day, Shaw-McDonald filed amended schedules in the bankruptcy court. The amended schedules listed the medical-malpractice claim against defendants and requested that it be exempted from the bankruptcy estate.

Two weeks later, on June 21, the bankruptcy trustee certified to the bankruptcy court that Shaw-McDonald's bankruptcy estate was fully administered. On June 22, Shaw-McDonald moved the trial court to reinstate her medical-malpractice case, arguing that *Kocher* was distinguishable.

On July 1, the bankruptcy court closed Shaw-McDonald's bankruptcy case and discharged the trustee. The parties do not dispute that the medical-malpractice claim was "not otherwise administered" when the bankruptcy case was closed. 11 U.S.C. § 554(c).

Two weeks later, defendants filed a renewed motion to dismiss this lawsuit and noticed it for a hearing on July 29, 2022. Their motion again argued that Shaw-McDonald's bankruptcy filing deprived her of standing under *Kocher*. They also argued that Shaw-McDonald should be judicially estopped from pursuing the claim. For her part, Shaw-McDonald moved to reinstate the case, again setting forth her argument that *Kocher* was distinguishable. Her written opposition to defendants' motion to dismiss included the same arguments.

The parties appeared for argument on July 29, 2022, but the record does not contain a transcript of the hearing. Six weeks later, the trial court issued an order calling for further briefing by the parties about the effect of 11 U.S.C. § 554(c). After receiving the parties' submissions, the trial court issued a letter opinion and final order on October 17, 2022. *See Shaw-McDonald v. Eye Consultants of N. Va.*, 110 Va. Cir. 380 (Fairfax 2022).

The trial court concluded that "*Kocher* resolves the instant matter." *Id.* at 381. The court reasoned that Shaw-McDonald lost standing to pursue the case when she filed for bankruptcy. *Id.* Any abandonment of that claim back to Shaw-McDonald under "11 U.S.C. § 554(c) has no bearing on this case," the court reasoned, because that "statute is concerned with the status of property 'at the time of the closing of a [bankruptcy] case.'" *Id.* The court thought that the relevant point in time here was "June 6, 2022," the original trial date, not "July 1, 2022[,] when the [bankruptcy] case was closed." *Id.* So the court dismissed Shaw-McDonald's claims "with prejudice." *Id.* at 383. The court said that its ruling on standing made it unnecessary to decide whether Shaw-McDonald's claims were also "barred by judicial estoppel." *Id.* at 382 n.2. Shaw-McDonald noted a timely appeal.

ANALYSIS

Whether a litigant has standing presents "a 'question[] of law subject to *de novo* review on appeal.'" *Biddison v. Va. Marine Res. Comm'n*, 54 Va. App. 521, 527 (2009) (alteration in original) (quoting *Moreau v. Fuller*, 276 Va. 127, 133 (2008)). Shaw-McDonald's standing here depends in part on federal bankruptcy law and on the meaning of our Supreme Court's decision in *Kocher*. Those issues also involve pure questions of law that we review de novo. *See Commonwealth v. Watson*, 297 Va. 355, 357 (2019); *Kocher*, 282 Va. at 116.[2]

---

[2] We reject defendants' threshold argument that we cannot reach the merits of this appeal because Shaw-McDonald failed to file a transcript of the July 29, 2022 hearing or a statement of

- 4 -

"The concept of standing concerns itself with the characteristics of the person or entity who files suit." *Morgan v. Bd. of Supervisors of Hanover Cnty.*, ___ Va. ___, ___ (Feb. 2, 2023) (quoting *Anders Larsen Tr. v. Bd. of Supervisors of Fairfax Cnty.*, 301 Va. 116, 120 (2022)). "The point of standing is to ensure that the person who asserts a position has a substantial legal right to do so . . . ." *Anders Larsen Tr.*, 301 Va. at 120 (quoting *Cupp v. Bd. of Supervisors of Fairfax Cnty.*, 227 Va. 580, 589 (1984)).

Defendants do not dispute that Shaw-McDonald had standing to sue them for medical malpractice "at the time of filing this action." *Kocher*, 282 Va. at 119. They contend, however, that Shaw-McDonald lost standing to pursue that claim when she filed for bankruptcy. But defendants overlook that Shaw-McDonald's claim was restored to her through abandonment by the bankruptcy trustee.

"The commencement of a [bankruptcy] case . . . creates an estate" that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In other words, "[a]ll the legal and equitable interests in property that the debtor had before the petition was filed pass to and become a part of the bankruptcy estate, under the control of the trustee." *Kocher*, 282 Va. at 117. Those property interests include "inchoate claims at the time of filing" as well as "those causes of action" that are then "pending in court." *Id.* Both sides agree that Shaw-McDonald's medical-malpractice claim became part of the bankruptcy

facts in lieu of a transcript. To be sure, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). But this appeal challenges the correctness of a written opinion of the trial court involving pure issues of law where the parties' respective positions were repeatedly set forth in their pleadings in the trial court, both before and after the July 29 hearing. So a transcript of the July 29 hearing is not indispensable. *See, e.g.*, *JSR Mech., Inc. v. Aireco Supply, Inc.*, 291 Va. 377, 382 (2016) (finding a transcript not indispensable when the record "sufficiently sets before the Court the pure issue of law" on appeal); *Veldhuis v. Abboushi*, 77 Va. App. 599, 607 (2023) ("[T]he transcript is not indispensable . . . as we are able to dispose of the case by considering other portions of the record, namely the letter opinion issued by the trial court.").

estate on March 24, 2022, when she filed her Chapter 7 bankruptcy petition. At that point, her malpractice claim "could only be asserted by the trustee in bankruptcy, unless and until it was restored to [her] by the bankruptcy court." *Id.* (citation omitted).

"There are two methods by which assets of a bankruptcy estate may be restored to a debtor after a petition in bankruptcy has been filed"—exemption and abandonment. *Id.* The bankruptcy court did not exempt the medical-malpractice claim.[3] But the trustee did abandon the claim, restoring it to Shaw-McDonald while her medical-malpractice case was still pending.

Section 554(c) of the Bankruptcy Code provides that, "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor." 11 U.S.C. § 554(c). In other words, "[p]roperty that is scheduled but not administered is deemed abandoned." *Ohio v. Kovacs*, 469 U.S. 274, 284 n.12 (1985). The abandonment in that situation occurs "by operation of law." *In re Furlong*, 660 F.3d 81, 86 (1st Cir. 2011).

The debtor must describe the asset on the schedule with enough specificity "to enable the trustee to determine whether to investigate further." *Id.* at 87 (quoting *Payne v. Wood*, 775 F.2d 202, 207 (7th Cir. 1985)). Although Shaw-McDonald failed to disclose her medical-malpractice claim when she first filed her Chapter 7 petition, she timely amended her schedules to add it. "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course *at any time* before the case is closed." Fed. R. Bankr. P. 1009(a) (emphasis added).

---

[3] The Bankruptcy Code permits States to decide what types of property are exempt. *See* 11 U.S.C. § 522(b)(2). Virginia has chosen to exempt personal-injury actions like the medical-malpractice claim at issue here. *See* Code § 34-28.1. "In order to claim the exemption, the debtor must list the cause of action as an asset in his schedule B and then claim it as exempt property on his schedule C using forms prescribed by the bankruptcy rules." *Kocher*, 282 Va. at 118. Shaw-McDonald fulfilled that obligation with her amended bankruptcy petition. But until the bankruptcy court enters an order exempting the listed property, "the property remains a part of the bankruptcy estate." *Id.* The bankruptcy court did not enter such an order here before the bankruptcy case was closed, so Shaw-McDonald's claim was not exempted.

Defendants do not dispute that Shaw-McDonald's amended schedule provided enough information for the bankruptcy trustee to decide whether to pursue the claim.

Because Shaw-McDonald's claim was "not otherwise administered" when her bankruptcy case closed, the claim was abandoned back to her by operation of law under § 554(c). Once a claim is abandoned, "[i]t reverts to the debtor and stands *as if no bankruptcy petition was filed*." *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990) (emphasis added), *aff'd on other grounds sub nom. Dewsnup v. Timm*, 502 U.S. 410 (1992); 5 Collier on Bankruptcy ¶ 554.02[3], at 554-6 (16th ed. 2015) (same). This relation-back rule has a long pedigree. *See, e.g.*, *Sessions v. Romadka*, 145 U.S. 29, 51-52 (1892) ("In such case the abandonment relates back to the commencement of the proceedings in bankruptcy, and the title stands as if no assignment had been made."). As Justice Cardozo explained in 1937, the trustee's abandonment of a claim in bankruptcy is treated like a gift that was never accepted: "Acceptance is presumed, but rejection leaves the title by relation as if the gift had not been made." *Brown v. O'Keefe*, 300 U.S. 598, 602 (1937).

The trial court erred in concluding that *Kocher* required the dismissal of Shaw-McDonald's claim for lack of standing. *Kocher* involved a plaintiff who lacked standing *at the outset* of the litigation, not a plaintiff who had standing at the start, temporarily lost control over the claim upon filing for bankruptcy, but resumed control when the claim was abandoned by the trustee. After the plaintiff in *Kocher* suffered injuries in a car accident, he filed a Chapter 7 petition without disclosing his personal-injury claim on his schedules. 282 Va. at 116. The plaintiff obtained a standard discharge. The plaintiff then filed and nonsuited two personal-injury actions against the motorist involved in the collision. After the second nonsuit, the plaintiff persuaded the bankruptcy trustee to move to reopen the bankruptcy proceeding so the plaintiff could disclose the cause of action and apply for an exemption. But before the

bankruptcy court granted the exemption, the plaintiff filed suit against the defendant yet again. *Id.* "Therefore, all three of the complaints the plaintiff filed in the circuit court against the defendant . . . were filed during the period when the plaintiff lacked standing to assert the cause of action because it remained in the bankruptcy estate, enforceable only by the trustee." *Id.* at 118. In the interim, the personal-injury claim became time-barred. Because each lawsuit was "a nullity" at the outset for lack of standing, the plaintiff's filings failed to toll the statute of limitations. *Id.* at 119.

Here, by contrast, Shaw-McDonald had standing at the start when she sued defendants for medical malpractice in August 2019. True, she later filed for bankruptcy in March 2022, temporarily transferring control over the claim to the bankruptcy trustee. *See id.* at 117. But the abandonment of the claim by the trustee when the bankruptcy case closed in July 2022 restored it to Shaw-McDonald "as if" no bankruptcy petition had been filed. *Dewsnup*, 908 F.2d at 590.

The trial court correctly recognized that the Bankruptcy Code temporarily transferred control over the malpractice claim to the bankruptcy trustee when Shaw-McDonald filed her Chapter 7 petition. *Shaw-McDonald*, 110 Va. Cir. at 381. But the court failed to recognize that abandonment of the claim back to Shaw-McDonald restored the claim to her under 11 U.S.C. § 554(c) as if the claim had never been transferred at all. It thus erred in concluding that § 554(c) "has no bearing on this case." *Id.* In short, when the trial court granted defendants' motion to dismiss for lack of standing on October 17, 2022, Shaw-McDonald had standing to prosecute this case.

CONCLUSION

Because the trial court erred in dismissing this case for lack of standing, we reverse the

judgment and remand the case for further proceedings consistent with this opinion.[4]

*Reversed and remanded.*

---

[4] As the trial court did not reach defendants' judicial-estoppel argument, the parties remain free to litigate that issue on remand. We express no opinion on the merits of that argument.