PRESENT:  Goodwyn, C.J., Powell, Kelsey, McCullough, Chafin, and Russell, JJ., and Mims, S.J.

EYE CONSULTANTS OF
NORTHERN VIRGINIA, P.C., ET AL.

OPINION BY
v.  Record No. 240166                                    JUSTICE STEPHEN R. McCULLOUGH
                                                                    April 3, 2025
FATIMA SHAW-McDONALD

FROM THE COURT OF APPEALS OF VIRGINIA

Fatima Shaw-McDonald filed a medical malpractice action against Eye Consultants of Northern Virginia, P.C.  While this action was pending, she filed for Chapter 7 bankruptcy.  Initially, she did not disclose the medical malpractice action either to the bankruptcy court or to opposing counsel.  Upon learning of this fact, Eye Consultants moved to dismiss the medical malpractice action on the basis that Shaw-McDonald no longer had standing.  While the bankruptcy case was still pending, Shaw-McDonald amended her bankruptcy filing to list the medical malpractice action.  She later obtained a discharge from the bankruptcy court.  The circuit court concluded that Shaw-McDonald lost standing due to her bankruptcy filing, and it dismissed the case.  The Court of Appeals reversed.  Although our reasoning differs from that of the Court of Appeals, we agree that dismissal is not appropriate in this circumstance.

BACKGROUND

Shaw-McDonald suffered a loss of vision in one eye following a cataract surgery.  One day before the statute of limitations would have expired on her medical malpractice claim, she filed a complaint, and later an amended complaint, against Eye Consultants.

After filing this action but before trial, Shaw-McDonald filed for Chapter 7 bankruptcy.  She did not disclose the medical malpractice action in her bankruptcy petition or disclose her

bankruptcy petition to Eye Consultants.[1] Eye Consultants became aware of the bankruptcy filing on the eve of trial and, on the morning of trial, moved to dismiss her case with prejudice for lack of standing. Eye Consultants argued that Shaw-McDonald's interest in the medical malpractice action was transferred to the bankruptcy trustee and, therefore, she lacked standing to pursue the case. Because she lacked standing, Eye Consultants argued, the circuit court should dismiss the case.

The circuit court initially deferred ruling on the motion to dismiss to afford the parties the opportunity to brief whether the case should be dismissed. Meanwhile, Shaw-McDonald, invoking Bankruptcy Rule 1009(a), which allows a petitioner to amend her voluntary petition as a matter of course at any time before the case is closed, promptly filed amended bankruptcy schedules that listed the medical malpractice action. The Joint Appendix submitted by the parties reflects that the bankruptcy court discharged Shaw-McDonald and closed the case, but it does not specifically reveal whether the claim was abandoned by the trustee or whether it was treated as exempt.

Eye Consultants later filed a written motion to dismiss, again arguing that Shaw-McDonald's lack of standing necessitated dismissal. Eye Consultants also noted that, with no tolling for the period of limitations applicable from the date she lost standing, the expiration of the statute of limitations required dismissal with prejudice. Shaw-McDonald opposed the motion to dismiss and asked the circuit court to reinstate the case on the trial docket. She argued that the amended bankruptcy petition meant that she retained standing to pursue her action and that her action was exempt under Code § 34-28.1.

---

[1] Plaintiff's counsel stated that the failure to list the medical malpractice action in the bankruptcy petition was due to a mistake or a misunderstanding.

The circuit court granted the motion to dismiss. Treating *Kocher v. Campbell*, 282 Va. 113 (2011), as dispositive, the circuit court held that Shaw-McDonald lost standing when she filed the bankruptcy petition. The circuit court explained:

> As the cause of action was neither abandoned or exempted prior to [the day the trial commenced], it remained a part of the bankruptcy estate as of that date and was enforceable solely by the trustee. That being the case, as of [the date Shaw-McDonald filed her bankruptcy petition,] Plaintiff did not have standing to pursue the cause of action.

Shaw-McDonald appealed to the Court of Appeals. In a published opinion, a panel of that Court reversed the circuit court's judgment. *Shaw-McDonald v. Eye Consultants of N. Va.*, 79 Va. App. 576, 586 (2024). The Court of Appeals observed that Shaw-McDonald unquestionably had standing when she initially filed her medical malpractice action, *id.*, and noted that the defendants did not dispute this point, *id.* at 585. Moreover, although the Bankruptcy Code temporarily transferred control of her claim to the trustee for administration by operation of 11 U.S.C. § 541(a)(1) and 11 U.S.C. § 704, once the trustee abandoned that claim by choosing not to pursue it for the benefit of the bankruptcy estate, control of the claim reverted back to Shaw-McDonald and procedurally restored its status to what it was before the time she filed her bankruptcy petition. *Id.* at 585-86 (explaining that "[o]nce a claim is abandoned, '[i]t reverts to the debtor and stands as if no bankruptcy petition was filed,'" such that "the abandonment of the [medical malpractice] claim by the trustee when the bankruptcy case closed . . . restored it to Shaw-McDonald 'as if' no bankruptcy petition had been filed") (quoting *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd on other grounds sub nom. Dewsnup v. Timm*, 502 U.S. 410 (1992); 5 Collier on Bankruptcy ¶ 554.02[3], at 554-6 (16th ed. 2015) (same); and *Sessions v. Romadka*, 145 U.S. 29, 51-52 (1892)). Consequently, the Court of

3

Appeals held that Shaw-McDonald had standing to maintain the timely-filed medical malpractice action. *Id*. at 586.

We awarded Eye Consultants an appeal from this decision.

ANALYSIS

Eye Consultants assigns the following error:

> The Court of Appeals erred in reversing the circuit court's ruling dismissing the case because Plaintiff filed for bankruptcy and thus transferred her claims to the bankruptcy estate and lost standing to maintain the action.

We review de novo the legal issue of whether a plaintiff has standing. *Kelley v. Stamos*, 285 Va. 68, 73 (2013).

"The concept of standing concerns itself with the characteristics of the person or entity who files suit. The point of standing is to ensure that the person who asserts a position has a substantial legal right to do so and that his rights will be affected by the disposition of the case." *Cupp v. Board of Supervisors of Fairfax County*, 227 Va. 580, 589 (1984) (citation omitted). Standing also "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). When we "ask[] whether a person has standing, we ask, in essence, whether he has a sufficient interest in the subject matter of the case so that the parties will be actual adversaries and the issues will be fully and faithfully developed." *Cupp*, 227 Va. at 589. A party must be able to "show an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest." *Harbor Cruises, Inc. v. State Corp. Comm.*, 219 Va. 675, 676 (1979) (per curiam).

Whether a litigant has standing to bring an action in a Virginia court is a question of Virginia law. *Kocher*, 282 Va. at 117. "[A]n action filed by a party who lacks standing is a legal

4

nullity." *Kocher*, 282 Va. at 119. When an action is filed by a plaintiff who lacks standing, it should be dismissed. *Johnston Mem. Hosp. v. Bazemore*, 277 Va. 308, 312-13 (2009).

In some instances, a case must be dismissed because the plaintiff lacked standing from the outset of the case. Standing also can become an issue when a plaintiff who originally had standing loses standing at some point during the course of the litigation. When a party who has standing at the inception of the litigation loses it due to intervening events, the inquiry is really one of mootness. *See Friends of the Earth*, *Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (quotation marks omitted). *See, e.g.*, *Bd. of Supervisors v. Ratcliff*, 298 Va. 622, 622-23 (2020) (dispute regarding the interpretation of a zoning ordinance was moot once the petitioner sold the property); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (release of prisoner mooted his claim that prison officials violated his religious rights under RLUIPA).

The issue we address in this case is one of first impression: whether a plaintiff, who originally had standing when she filed her medical malpractice action, loses that standing by filing for bankruptcy such that the state court action must be dismissed.

It is common ground that the commencement of a bankruptcy case "creates an estate" which "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This means that, "upon the filing of a petition in bankruptcy, a bankruptcy estate is created by operation of law." *Kocher*, 282 Va. at 117. The property of the debtor that transfers to the bankruptcy estate includes "those causes of action which are pending in court." *Id.*

5

Eye Consultants argues that our decision in *Kocher* is controlling and requires us to dismiss the medical malpractice action. *Kocher*, however, is distinguishable from this case. A timeline of the sequence of events in *Kocher* may be helpful to understand our reasoning in that case:

- April 26, 2004 – Plaintiff is involved in a motor vehicle accident.

- October 1, 2005 – Plaintiff files a voluntary bankruptcy petition without listing the personal injury cause of action.

- January 6, 2006 – Plaintiff obtains a bankruptcy discharge.

- February 3, 2006 – Plaintiff files a complaint and later nonsuits it.

- April 2006 – Plaintiff refiles a complaint.

- April 2007 – Plaintiff serves the complaint.

- January 4, 2008 – Plaintiff takes another nonsuit.

- February 14, 2008 – Plaintiff reopens the bankruptcy case and amends the bankruptcy schedules to include the personal injury claim as an asset.

- May 27, 2008 – Plaintiff files a third complaint but does not serve it.

- March 2009 – Plaintiff serves this complaint on the defendant.

- May 29, 2009 – The bankruptcy court enters an order holding that the plaintiff "properly exempted" the cause of action.

*Id*. at 115-16.

In *Kocher*, the salient fact was that the plaintiff filed a Chapter 7 bankruptcy petition *before* filing his personal injury lawsuit. 282 Va. at 115-16. The plaintiff did not list the personal injury claim on any of his bankruptcy schedules. He then obtained a standard bankruptcy discharge. *Id.* at 116. When the plaintiff filed his personal injury lawsuit, the defendant moved to dismiss for lack of standing. *Id.* at 116. The plaintiff then obtained a belated reopening of his bankruptcy case. More than six years after the automobile accident

6

occurred, the bankruptcy court entered an order holding that the plaintiff had "properly exempted" the cause of action. *Id.* at 116.

We agreed with the defendant that the plaintiff lacked standing at the time any of the complaints were filed. We explained that, upon filing for bankruptcy, the personal injury claim automatically passed to the bankruptcy estate by operation of federal law. *Id.* at 117. "Thereafter, the cause of action was one that could only be asserted by the trustee in bankruptcy . . . unless and until it was restored to the plaintiff by the bankruptcy court." *Id.* (citation omitted). *See also Martineau v. Wier*, 934 F.3d 385, 391 n.3 (4th Cir. 2019) ("[I]n the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate."). The bankruptcy trustee can restore the cause of action to the petitioner through abandonment or it can be exempted, but neither of those things timely happened in *Kocher. Id.* at 117. At the time plaintiff filed his successive complaints, he "lacked standing to assert the cause of action because it remained in the bankruptcy estate, enforceable only by the trustee." *Id*. at 118. Although the reopened bankruptcy case ultimately resulted in a May 29, 2009 ruling that Kocher had properly exempted the personal injury claim in his amended bankruptcy schedules that were filed in February of 2008, by the time the claim reverted to him, the two-year statute of limitations period applicable to the claim, commencing on April 26, 2004, had long since run without him ever having filed a complaint based on it at a time when he had standing to sue.

The facts before us differ markedly from those in *Kocher.* In *Kocher*, we noted that

> an action *filed by* a party who lacks standing is a legal nullity. It
> has no tolling effect on the statute of limitations and furnishes no
> basis for a nonsuit. *Standing acquired after the statute of*

> *limitations has run* cannot be retroactively applied to cure the lack
> of standing that existed when the action was filed.

*Id.* at 119. Unlike in *Kocher*, Shaw-McDonald *did* have standing at the time the medical malpractice action was filed. She did not acquire her standing after the statute of limitations had run.

The question we confront in this case, which we did not have occasion to address in *Kocher*, is whether a plaintiff, who had standing when she filed her medical malpractice action, loses that standing the moment she files her bankruptcy petition. We conclude that she does not lose standing in that circumstance. Bankruptcy law contemplates that certain assets will be or can be returned to the petitioner – assuming those assets are properly disclosed on the bankruptcy schedule. First, the trustee can abandon the asset. 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). Second, some assets can be exempted through a combination of state and federal law. 11 U.S.C. § 522. Virginia has exempted personal injury actions. *See* Code § 34-28.1 (exempting "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement"). Consequently, as to the assets that are exempted or abandoned, bankruptcy operates as a *suspension* of a plaintiff's standing in a pending action rather than a *termination* of the plaintiff's standing. The Bankruptcy Code does not contemplate automatic, permanent deprivation of the debtor's right to proceed with an action in every case; instead, it contemplates giving the trustee sufficient time and information to determine whether to incur the expense of pursuing the action for the potential benefit of the

8

debtor's estate and its creditors, or whether to abandon it.[2] Since not all such actions will be deemed worth pursuing, a debtor may, and in many instances is likely to, resume the pursuit of her cause of action as a proper plaintiff following the bankruptcy discharge. This reality distinguishes a situation like this one from other situations where a plaintiff, who may have had standing initially, loses standing due to a permanent change in circumstances. For example, when a plaintiff's standing arises because of her ownership of property, the sale of that property removes the plaintiff's standing and renders the case moot. The law does not contemplate a prompt restoration of the plaintiff's standing after a separate case is adjudicated. In contrast, when a plaintiff who has been injured has filed an action, and while that action is pending the plaintiff files for bankruptcy, that plaintiff is likely to resume the pursuit of that action once the bankruptcy proceeding is final. We are dealing not with an abstract hypothetical possibility of the plaintiff being restored to their original position but rather with a concrete and legally recognized interest. The judicial controversy between the plaintiff and Eye Consultants is hardly remote and contingent. In short, the concrete adversity that separated the litigants is not forever gone in a situation like the one in the case before us. The bankruptcy filing suspended, but did not terminate, Shaw-McDonald's standing in her medical malpractice action. A temporary suspension of standing to accommodate the parallel bankruptcy proceeding is not the same as a

---

[2] *See, e.g.*, *In re Wilmoth*, 412 B.R. 791, 795 (Bankr. E.D. Va. 2009) (11 U.S.C. § 704 requires a bankruptcy trustee to administer the property of the estate for the benefit of the debtor's creditors); *In re Carla Leather, Inc.*, 44 B.R. 457, 472 (Bankr. S.D.N.Y. 1984) (observing that "[o]ne of the trustee's concurrent duties is that 'of expeditiously liquidating the estate and avoiding all unreasonable expense either in its preservation or distribution,'" and that "[i]n pursuing litigation in the name of the debtor, the trustee's 'obligation is not that he should burden the assets of the estate with costs and expenses arising out of all manner of questions that may be presented for litigation'") (quoting *Rife v. Ruble*, 107 F.2d 84, 86 (6th Cir. 1939) and *In re Meadows, Williams & Co.*, 181 F. 911, 912 (W.D.N.Y. 1910)); *In re Tobin*, 202 B.R. 339, 340-341 (Bankr. D. R.I. 1996) (admonishing trustees to abandon property of a debtor that does not benefit the estate).

permanent loss of standing. With only a temporary suspension, the drastic remedy of dismissal is not appropriate.

Additionally, there is no question that a bankruptcy trustee can join the plaintiff or be substituted for the plaintiff in certain types of cases. *See* 11 U.S.C. § 323 (trustee is representative of the estate and can sue and be sued). If, as Eye Consultants argues, a pending case must be dismissed the moment the plaintiff files for bankruptcy, such a substitution would not be possible.

A plaintiff must have standing to initiate a lawsuit. If the plaintiff does not have standing when the case is filed, it should be dismissed. *Kocher*, 282 Va. at 119. If a plaintiff loses standing after the case is filed and the parties are no longer adverse, a court should dismiss the case as moot. *Ratcliff*, 298 Va. at 622-23. But where a plaintiff's standing in a personal injury case is suspended during the pendency of a bankruptcy case, the appropriate remedy is to hold the personal injury case in abeyance until the plaintiff's interest is resolved in the bankruptcy case. Unlike the plaintiff in *Kocher*, who never filed a timely complaint at a point when he had standing to sue, Shaw-McDonald unquestionably had standing at the time she timely filed her medical malpractice action. That standing was merely suspended by operation of the Bankruptcy Code, and not terminated, when she filed for bankruptcy. Her case should not have been dismissed for lack of standing. In so holding, we in no way retreat from our prior holdings addressing the consequences of a plaintiff's initial lack of standing or loss of standing in circumstances that differ from this one.

10

CONCLUSION

The decision of the Court of Appeals of Virginia is affirmed. We remand the case to the Court of Appeals for purposes of a remand to the circuit court for a trial, if the parties are so advised.

*Affirmed and remanded.*